## FRANK H. ALLEN, ADMINSTRATOR, *vs.* THE J. W. BISHOP COMPANY.

Second Judicial District, Norwich, April Term, 1912.
PRENTICE, THAYER, RORABACK, WHEELER AND HOLCOMB, Js.

In an action to recover for personal injuries, the evidence was such that the jury might properly have found that the method adopted for accomplishing the work in the course of which the injury was received was crude and danger-inviting, that the appliances and instrumentalities provided and used were not sufficient nor reasonably safe, that there was no competent supervision, that fit and competent colaborers were not provided, and that the failure of the defendant in some or all of these particulars was the proximate cause of the injury. *Held* that upon these findings a conclusion of negligence was inevitable, and that a verdict for the plaintiff would not be set aside as against the evidence.

In the present case the plaintiff's intestate was injured while engaged in holding in alignment a wooden joist and jackscrew, which were being used to move a heavy supporting pier from one place to another by propelling it upon iron rollers by turning by hand the screw in the jack placed between the rear of the pier and the joist, the rear end of which was secured. *Held* that upon the evidence the jury might properly have found that the method adopted was crude and danger-inviting.

Where there is an extraordinary risk, mere knowledge of risk or danger is not sufficient; there must be a comprehension of the danger in order that contributory negligence may be found.

Argued May 9th—decided July 19th, 1912.

ACTION to recover damages for injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the defendant's negligence, brought to the Superior Court in New London County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $3,000, and appeal by the defendant. *No error.*

*Charles V. James,* with whom was *Charles F. Thayer,* for the appellant (defendant).

*William H. Shields* and *Donald G. Perkins,* for the appellee (plaintiff).

HOLCOMB, J. The plaintiff offered evidence to prove the following facts:—

The defendant corporation had constructed for the Pomenah Mills Company, at Taftville, in Norwich, a weave shed, the roof of which was supported by concrete piers extending above the surface of the earth floor seven feet six inches; each pier being eighteen inches square at the top and thirty inches square at the surface of the ground. It was decided to extend the length of this weave shed, which made it necessary to construct new piers, or to move the old ones. The latter course was adopted, and new foundations for the piers were constructed, three feet eight inches from the old piers, which were cut in two at the earth or floor surface by means of wedges inserted in holes drilled in the piers. The superintendent of the defendant corporation, who was placed in charge of this work, directed Joseph Beaudry, the plaintiff's intestate, and another laborer, named Raphael Dyron, to move these severed piers from their original to the new foundations, and provided the following appliances to be used therefor: a section of iron pipe, about an inch in diameter, was inserted under the forward edge of the pier, which pipe was intended to roll along two strips of board laid parallel to each other upon the earth floor, between the old and new foundations. In the rear of the pier, a wooden joist six inches square and about twelve feet long was placed in a horizontal position about two feet above the earth floor, one end of this joist being placed against a solid wall in the rear, and between the other end and the pier was placed a jackscrew, one end of which was placed against the end of this joist, and the other end was placed against the rear face of the pier

Allen *v.* Bishop Co.

which was to be moved, the alignment of the joist and jackscrew to be maintained by one of these men with his hands by standing astride the joist facing the pier. The propelling force was to be applied by the other man turning the screw in the jack, which screw was capable of an extension of about nine inches, and this, if the moving force operated as intended, would force the pier forward about nine inches before a readjustment of the joist and jackscrew would be required. Beaudry was straddling the joist endeavoring to maintain the alignment of joist and jackscrew, and Dyron, with an iron bar, was turning the screw in the jack, thus forcing the pier forward, when, at some point in the operation, because of a change of position of the pier on the iron roller, or because of a shifting in the position of the boards between the two foundations by their moving or by their sinking into the earth, the precise cause not clearly appearing, the top of the pier tipped backward, and the pier became out of plumb, which destroyed the alignment between the joist and jackscrew, thus removing the supporting force in the rear of the pier, and the pier toppled over onto Beaudry, crushing him to the earth beneath it, and so injuring him as to cause his death some two weeks after the injury.

Beaudry had been employed in running a stationary engine, and was inexperienced in such work as the moving of these piers, and Dyron, who was assisting in said work, was a common laborer, inexperienced in such work, and neither of them was competent to perform said work without competent supervision. The defendant's superintendent did not supervise said moving operations, or cause the same to be done by any other experienced or competent person, or provide any colaborers to assist Beaudry in moving said pier, other than said Dyron.

Upon the evidence, the jury might properly have

found that the method adopted for moving these piers was crude and danger-inviting, and that the appliances and instrumentalities provided and used for said work were not sufficient nor reasonably safe for such work; that there was no competent person present to direct the work, and that fit and competent colaborers were not provided to assist plaintiff's decedent in said work, and that the failure of the defendent in some or all of these particulars was the proximate cause of the injury to said deceased. Such a finding would have led inevitably to the conclusion that the defendant was negligent, as charged. General Statutes, § 4702; *McElligott* v. *Randolph*, 61 Conn. 157, 164, 22 Atl. 1094; *Swain* v. *O'Loughlin*, 80 Conn. 200, 205, 67 Atl. 480.

The work of moving these piers in the manner provided by the master involved an extraordinary risk, and the jury were warranted, upon the evidence, in finding that the plaintiff's decedent was set at this work, not only without suitable, but without any, instruction or warning. While the evidence tends to indicate knowledge by said Beaudry of danger from the toppling of the pier, there was no evidence that he comprehended and appreciated the risk attending the moving of the pier with the appliances and instrumentalities provided, and in the manner directed, by the master. Where there is an extraordinary risk, mere knowledge that there is some risk or danger is not sufficient; there must be a comprehension of it before contributory negligence can be found. *Baer* v. *Baird Machine Co.*, 84 Conn. 269, 79 Atl. 673; *Belevicze* v. *Platt Bros. & Co.*, 84 Conn. 632, 81 Atl. 339.

There is no error.

In this opinion the other judges concurred.