JEANNETTE G. JOHNSON *vs.* FRANK PULIDY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 8th—decided March 28th, 1933.

*William S. Locke* and *Reuben Sudarsky*, with whom, on the brief, were *Ralph O. Wells* and *Charles Sudarsky*, for the appellant (plaintiff).

*Joseph F. Berry*, with whom was *Julius G. Day, Jr.*, for the appellee (defendant).

HAINES, J. This is an action for damages for personal injuries received by the plaintiff from a fall down the stairway of a restaurant maintained by the defendant. The jury disagreed, whereupon the trial court directed a verdict for the defendant and entered judgment accordingly. The appeal is from the action of the court in directing the verdict and refusing to set it aside on motion. From the action taken it is a necessary conclusion that the court felt either that the defendant was not negligent or that the plaintiff was guilty of contributory negligence, one or both, as mat-

ter of law. The only question for our decision, therefore, is whether this action by the court was justified by the record. If the evidence in a case presents such a situation that the mind of a fair and reasonable man could therefrom reach but one conclusion, there is no question for a jury, and the case should be decided by the judge as essentially a question of law, and he may direct a verdict; but if the evidence is such that honest and reasonable men could fairly differ and reach different conclusions, then the issues should go to the jury for determination. *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 257, 21 Atl. 675, 22 id. 544; *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 526, 131 Atl. 501; *Sedita* v. *Steinberg,* 105 Conn. 1, 5, 134 Atl. 243; *Bernardo* v. *Hoffman,* 109 Conn. 158, 159, 145 Atl. 884; *Greenley* v. *Miller's, Incorporated,* 111 Conn. 584, 588, 589, 150 Atl. 500; *Naveckas* v. *Jack,* 112 Conn. 407, 410, 152 Atl. 580.

Upon the trial of this case the defendant offered no evidence. From the evidence produced by the plaintiff, the jury could reasonably have found that, with a lady friend, she entered the defendant's restaurant on Trumbull Street, in the city of Hartford, about seven o'clock on the evening of January 13th, 1932, and had dinner there; that a stairway connected the street level with the floor level of the restaurant and that, about thirty inches back from the top of the stairway, the defendant had placed a show case for the display of articles for sale and designed to attract the attention of patrons; this show case was utilized as the paying counter, the cash register being placed, and the cashier herself—who was the wife of the defendant—standing, immediately back of the show case; the stairway had smooth walls with no railing of any kind, and extended from the street level upward in an easterly direction; its opening at the top, was bounded on the

north side by the wall of the building, and on the south side by a solid sheathed railing two and three quarters feet high from the floor level, and extending about two inches beyond the opening to the east of the edge of the top step of the stairs, and this railing hid the stairway opening from the view of one coming from the tables which were further to the south. There was thus provided for patrons when paying their bill, a space of about thirty inches in which to stand, between the show case and the top stair, and while so doing, the patron faced the cashier, with the wall of the building at her left, the top stair immediately back of her, and the opening into the dining room at her right. There was also evidence that the stairway was but dimly lighted at the time of the plaintiff's fall. The night was dark and rainy, neither the plaintiff nor her friend had ever been there before and there was no sign or other warning of danger.

If the jury had found the above facts, as they reasonably could from the evidence, there could well have been a fair difference of opinion between them, whether the defendant had created a dangerous situation for his patrons. The latter occupied toward the defendant the legal status of invitees, and the duty of the defendant in that situation was to maintain the premises in a reasonably safe condition for their use. *Werebeychick* v. *Morris Land & Development Co., Inc.,* 108 Conn. 226, 229, 142 Atl. 739; *Geoghegan* v. *Fox & Co., Inc.,* 104 Conn. 129, 134, 132 Atl. 408; *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 524, 525, 131 Atl. 501; *Firszt* v. *Capitol Park Realty Co.,* 98 Conn. 627, 635, 120 Atl. 300. We cannot fairly say that the jury could not have found that the defendant had failed to meet that measure of duty, and was thus negligent under the circumstances.

As to contributory negligence on the part of the

plaintiff: the jury could reasonably have found from the evidence, in addition to the foregoing facts, that upon the payment of her bill, her attention not being specifically called to the narrowness of the space provided for her to stand in, the plaintiff turned around to go down the stairs, took one step to the side with her left foot and one step backward with the right, and was thus carried over the brink and fell to the bottom of the stairs, striking her head on the door at the bottom, being unable to break her fall by clutching at the smooth walls of the stairway as she attempted to do. She was a large woman weighing over two hundred pounds and was wearing a heavy coat lined with lamb's wool, with a circular front trimmed at the bottom with fur. In addition to this, the jury could have found that, while paying her bill, the cashier engaged her in conversation, thereby, to some extent, diverting her attention from her immediate surroundings. Even though the plaintiff had an opportunity upon entering the restaurant to see the situation created by the arrangement of the fixtures in relation to the stairway, the jury could also have reasonably found that she failed to realize the danger, or was momentarily inattentive thereto. Under such circumstances, it would not necessarily follow that she was guilty of contributory negligence. "Where there is an extraordinary risk, mere knowledge that there is some risk or danger is not sufficient; there must be a comprehension of it before contributory negligence can be found." *Allen* v. *Bishop Co.*, 85 Conn. 607, 610, 84 Atl. 87. Where the plaintiff's act was instinctive or due to a momentary and excusable inattention, it may not constitute contributory negligence. *French* v. *Mertz Co.*, 116 Conn. 18, 20, 163 Atl. 457. "Mere knowledge of conditions from which the danger arose, does not necessarily constitute knowledge or appreciation of

the danger. The known conditions must be such that an ordinarily prudent person in the same or similar circumstances would have appreciated the danger therefrom." 45 Corpus Juris, p. 947 *et seq.,* and cases cited. In short, upon the record before us, the evidence was not such that only one conclusion could fairly have been reached by the jury on either of these questions. As presented, they fell outside the province of the court for decision, and the direction of the verdict was unwarranted.

There is error and a new trial is ordered.

In this opinion the other judges concurred.