ETHEL F. HUSTED ET AL. *v.* REFUSE REMOVAL SERVICE ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 110833
AT NEW HAVEN

Memorandum filed February 14, 1967

*Herman S. Bershtein,* of Hamden, for the plaintiffs.

*Pouzzner & Hadden,* of New Haven, for the defendants.

DEVLIN, J. The special defense alleges that the plaintiff operator "was guilty of negligence which was a proximate cause of her alleged injuries, in that she was not using or was not properly using a safety belt." Plaintiff claims, as a matter of law, that it has no bearing on the question of proximate

cause. Defendant claims it presents a question of fact.

A conclusion of negligence and proximate cause is ordinarily one of mixed law and fact, involving the determination of the standard of care required and its application to the facts of the particular case. *Davis* v. *Margolis,* 107 Conn. 417, 420. It becomes a conclusion of law only when the mind of a fair and reasonable person could reach only one conclusion. If there is room for a reasonable disagreement, the question presented is one of fact. *Johnson* v. *Pulidy,* 116 Conn. 443, 445. Such is the case here.

Demurrer overruled.