## Decatur Amusement Park Company v. Braxton F. Porter, Administrator.

1. ARREST OF JUDGMENT—*what not waived upon motion in, notwithstanding previous demurrer*. While a party may bar himself from moving in arrest of judgment for any of the reasons raised by a demurrer, yet such party may assign as error on appeal that the allegations of the declaration, and of each count thereof, do not state a cause of action sufficient to support a judgment notwithstanding the verdict.

2. VERDICT—*what will aid*. A verdict will aid a defective statement of a cause of action, but will not cure the statement of a defective cause of action.

3. NEGLIGENCE—*when declaration sufficiently charges, against owner of amusement park*. *Held*, that the declaration in this case sufficiently charged negligence against the owner of an amusement park in failing to provide suitable attendants in connection with a swimming pond, to guard against accidents by drowning.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

LEFORGEE & VAIL, for appellant.

J. R. FITZGERALD, F. R. WILEY and C. F. EVANS, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Braxton F. Porter, as administrator of the estate of Carter R. Porter, deceased, brought suit in the Circuit Court of Macon county against the Decatur Amusement Park Company to recover damages for the alleged negligence of the Park Company which resulted in the death of said Carter R. Porter. There was a verdict and judgment in favor of the administrator in the sum of $1,500 from which said Park Company has appealed.

There were four counts in the declaration, to each of which counts appellant filed a demurrer, which the

trial court overruled. Thereupon appellant filed a plea of general issue and the cause was submitted to a jury who returned a verdict in favor of appellee.

Appellant argues as errors, the action of the court in overruling its motion for a new trial, overruling its motion in arrest of judgment and the giving of alleged faulty instruction upon the part of the appellee.

While a party may bar himself from moving in arrest of judgment for any of the reasons raised by a demurrer, yet such party may assign as error on appeal that the allegations of the declaration, and of each count thereof, do not state a cause of action sufficient to support a judgment notwithstanding the verdict. C., R. I. & P. Ry. Co. v. The People, 217 Ill. 172.

A verdict will aid a defective statement of a cause of action, but will not cure the statement of a defective cause of action. *Idem.*

The question, upon this feature of the case, then becomes this: does any count in the declaration state a cause of action although such cause of action is imperfectly stated?

The first count states in substance that appellant was on the tenth day of June, 1906, the owner and manager of a certain park, kept for amusement near the city of Decatur, in which it maintained among divers amusements, a large lake or pond of water, for bathing, swimming and boating, for hire; that the water in said lake was of the depth of ten feet; that on said day said Carter R. Porter, with others, visited said park, paid the sum of twenty-five cents to appellant for the right and privilege of swimming and bathing in said lake, secured from appellant a bathing suit and went into, bathed and swam in said lake; that said appellant negligently failed to have any attendants at said pond to watch said Carter R. Porter while so in said lake bathing and swimming; that said Carter was of the age of fourteen years and was in

the exercise of due care for his own safety; that he became strangled and overcome while in said lake and because of the negligent failure of the appellant to have attendants or keepers at said lake to so watch, said Carter R. Porter was suffered by appellant to remain therein and under the water and drown; that said Carter left surviving, his father, the appellee, his mother and a sister and brother as next of kin.

The second count is much the same as the first except it charged that the negligence consisted solely in not having a competent swimmer in attendance to watch, etc., and render aid to those who might need assistance.

The third count was also in substance like the first except it charged that the negligence consisted solely in keeping, as a servant in charge of said lake, one whom appellant well knew, or by the exercise of due diligence, should have known, not to be a good diver or swimmer, and negligently suffered said Carter R. Porter to swim and bathe in the said lake for hire in charge of one so unable to swim, and dive, etc.

The amended fourth count averred that there was negligence upon the part of appellant in this, that appellant maintained the park for hire and charged for admittance thereto; that in said park it maintained divers and numerous places of amusement, including the lake in question; that the amusements were of the kind and character to appeal to and were attractive to and enticed persons of tender years; that on the date in question said Carter R. Porter was a child of tender years; that upon the invitation of appellant he entered said grounds and did then and there go into the water of said lake to swim and bathe; that said lake was then and there a dangerous place for a young and inexperienced person to be in on account of its great depth at places; that there was no mark to indicate the depth of said deep portions; that said Carter R. Porter paid appellant the

price or fee therefor, and it then and there became the duty of appellant to exercise reasonable care to protect its patrons and said Carter R. Porter from danger while engaged in said amusements so furnished for hire; and to protect those so using the said lake from drowning, and to warn young and inexperienced persons of the dangers of swimming in the deep portions of said lake (which were alleged to be ten feet deep) and to have indicated or marked off the portions of said pond which were deep and dangerous; that said appellant did not so warn said Carter R. Porter, who was then and there of tender years and inexperienced and did not appreciate such dangers; and appellant did not mark off or indicate the deep and dangerous places, etc., all of which appellant then well knew; that in consequence of such negligent acts said Carter, while in the exercise of due care, became strangled and was drowned, etc.

Upon a review of the authorities upon the subject, we are disposed to hold that the said first and fourth counts each state a good cause of action.

In Larkin v. Saltair Beach Co., 3 L. R. A., New Series, 982, it was held that the owner of a public bathing resort may be found to be negligent where he places no signs as to the depth of water, or marks to indicate danger and keeps no one at hand to aid persons in danger, and takes no steps to aid a person actually in peril until too late to be of any avail.

In Brotherton v. Manhattan Beach Co., 67 N. W. Rep. (Nebr.) 479, the court said that a company maintaining a bathing resort and letting out its privileges to the public for hire is bound to take such precautions for the safety of bathers as a person of ordinary precaution would take under the circumstances.

In that case Brotherson, who was seventeen years old, who was able to swim, but was not an expert, visited a public bathing house for hire. There were no guards or notices whereby the depth of water was

indicated and no proper management to superintend bathing, there were no life lines or other signs to warn swimmers of the depth of the water and upon a trial the District Court took the case from the jury. This action of the trial court was declared to be error, the judgment was reversed and the cause remanded.

In the case of Boyce v. Union Pac. Ry. Co., 31 Pac. Rep. 450, it was held that it was the duty of the proprietor of a lake bathing resort to use reasonable care to keep the bottom of the lake where people bathed free from everything that might injure the feet of the bathers and that want of such reasonable care was negligence.

Under the authorities we hold that it was the duty of appellant to make reasonable provision to guard against those accidents which common knowledge and experience teach are liable to befall those engaging in the sport which appellant had invited the public to participate in.

Tested by this rule it must follow that while the first and fourth counts each stated a cause of action the second and third counts did not state a cause of action which would be good even after a verdict. Each of the last named counts is based solely upon the assumption that it is actionable negligence not to have an experienced or competent swimmer or diver at hand to render aid to those liable to become strangled, etc.

We think the rule above announced that appellant was bound to make reasonable provision to guard against the character of accidents so involved, is the correct and only rule upon this subject and while it may be and is right to require one occupying the place of appellant to have attendants or guards to render assistance in time of need, we do not see how it can follow that such reasonable provision would require the furnishing of a competent or experienced swimmer and diver, and that a fail-

ure to so furnish such experienced swimmer and diver would of itself and alone constitute negligence. There may be and quite likely are other means which can be employed in such a case which are as effectual as those made use of by an expert swimmer and diver. The counts which aver only the absence of such swimmer or diver do not state a good cause of action.

There is a marked difference between charging the complete absence of attendants and keepers, which said first count after verdict can well be held to charge, and the mere charging of the absence of a competent swimmer and diver, made the only basis of negligence in the second and third counts. The motion in arrest of judgment was properly overruled.

The motion for new trial, however, should have been allowed. The court in its eleventh instruction given for appellee told the jury that if they believed from the evidence that it was the duty of the defendant to provide and keep experienced divers and swimmers at said place to rescue any one who was about to drown and that defendant failed and neglected so to do, and that the defendant was guilty of negligence in not keeping such divers or swimmers who could rescue people, etc., it would be their duty to find defendant guilty. This instruction did not state to the jury what duty appellant owed to its patrons, nor what degree of care it should exercise for their protection against accident, but in line with the theory set up in the second and third counts, told the jury that it was their province to find from the evidence whether or not it was the duty of appellant to provide and keep experienced divers and swimmers, and allowed them to find that there was actionable negligence in the fact alone that no experienced swimmer or diver was present. This instruction was also faulty in not requiring that said Carter R. Porter should have been in the exercise of that degree of care for his own safety which children of his age, capacity, in-

telligence and *experience* are capable of exercising under the same circumstances. Lake Erie & Western R. R. Co. v. Klinkrath, 227 Ill. 439.

The giving of this instruction was prejudicial error and makes a reversal necessary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*