LOUISE MCKINNEY, AS ADMINISTRATRIX OF THE ESTATE OF MARY PROCTOR, DECEASED, *Plaintiff in Error,* v. W. H. ADAMS, *Defendant in Error.*

Opinion Filed November 6, 1914.

Under the laws of this State an action may be maintained against a person who operates or maintains a bath-house where bathing suits are furnished for hire, at the seaside resorts in the State, for negligence in failing to maintain proper and safe life lines and life rafts for the protection of his patrons, when the patrons who are not guilty of contributory negligence are injured as a proximate result of the negligence of such operator or his agents.

Writ of error to Circuit Court for Duval County; Geo. Couper Gibbs, Judge.

Judgment reversed.

## STATEMENT.

The declaration herein is as follows: "Louise McKin-ney, as Administratrix of the Estate of Mary E. Proctor, deceased, plaintiff, by her attorneys, in this the first count of her second amended declaration, sues W. H. Adams, de-fendant, for that heretofore, on to-wit, July 7th, A. D. 1912, the said defendant was operating and maintaining a certain public bath house and bathing pavilion where bathing suits were furnished for hire or rent, at Pablo Beach, a seaside resort in the State of Florida, situated in the County of Duval and State of Florida; that the defendant had exclusive control and management of said bath house and bathing pavilion; that said bath house and bathing pavilion was situated at or near the waters of the Atlantic Ocean at said Pablo Beach; that said de-fendant extended an invitation to the public to rent from him bathing suits and to avail themselves of the dressing room and kindred facilities of the defendant at said pa-vilion; that the waters of the Atlantic Ocean, situated di-rectly in front of said pavilion and bath house and extend-ing up and down the beach for a space of a few hundred feet on either side of said point directly in front of said bath house and pavilion were the facilities for bathing which the defendant offered to the patrons of his bath house and bathing pavilion; that said defendant, by rent-ing said bathing suits, invited such members of the public as rented bathing suits from him, to avail themselves of the facilities aforementioned for bathing and to bathe in the waters of the Atlantic Ocean in front of and adjacent to the said pavilion as aforesaid; that said waters afore-said were the waters customarily used by the patrons of said bath house, which the defendant well knew; that on, to-wit, July 7th, A. D. 1912, one Mary E. Proctor, did

rent from the said defendant a bathing suit for a valuable consideration in that behalf; that it was the intention of the said Mary E. Proctor, which the defendant then and there well knew, then and there to bathe in the waters of the Atlantic Ocean adjacent to which the defendant's said bath house and bathing pavilion was located, and which waters constituted the facilities for bathing offered to defendant's patrons as aforesaid; that thereupon the said Mary E. Proctor did bathe in said Atlantic Ocean adjacent to said bath house and bathing pavilion; that while so bathing the said Mary E. Proctor remained within the limit of the waters of said Atlantic Ocean, which constituted defendant's facilities for bathing as aforesaid; that the defendant negligently and carelessly failed to provide and maintain proper and safe life lines and life rafts for the protection of the patrons of its patrons, bathers at the said seaside resort, contrary to the statutes of the State of Florida in such cases made and provided; that by reason thereof and by reason of the carelessness and negligence of the defendant the said Mary E. Proctor was then and there drowned in the waters of the Atlantic Ocean near the bath house and bathing pavilion of the defendant, and while within the waters of the Atlantic Ocean in which the defendant invited its patrons to bathe; that the said Mary E. Proctor died, leaving neither husband nor minor child or children nor any person or persons dependent upon her, the said Mary E. Proctor, for support; that the said Louise McKinney, plaintiff, was heretofore, on to-wit, the seventeenth day of July, 1912, duly appointed as Administratrix of the estate of Mary E. Proctor.

Wherefore, the plaintiff brings this her suit and claims Fifty Thousand ($50,000.00) Dollars damages.

2.   And the plaintiff by her attorneys in this the sec-

ond count of her second amended declaration, sues W. H. Adams, defendant, for that heretofore, on to-wit, July 7th, A. D. 1912, the said defendant was operating and maintaining a certain public bath house and bathing pavilion where bathing suits were furnished for hire or rent at Pablo Beach, a seaside resort in the State of Florida, situated in the County of Duval and State of Florida; that the defendant had exclusive control and management of said bath house and bathing pavilion; that said bath house and bathing pavilion was situated at or near the waters of the Atlantic Ocean at said Pablo Beach; that said defendant extended an invitation to the public to rent from him bathing suits and to avail themselves of the dressing rooms and kindred facilities of the defendant at said pavilion; that the waters of the Atlantic Ocean situated directly in front of said pavilion and bath house and extending up and down the beach for a space of a few hundred feet on either side of said point directly in front of said bath house and pavilion were the facilities for bathing which the defendant offered to the patrons of his bath house and bathing pavilion; that said defendant, by renting said bathing suits, invited such members of the public as rented bathing suits from him, to avail themselves of the facilities aforementioned for bathing and to bathe in the waters of the Atlantic Ocean in front of and adjacent to the said pavilion as aforesaid; that said waters aforesaid were the waters customarily used by the patrons of said bath house, which the defendant well knew; that on to-wit, July 7th, A. D. 1912, one Mary E. Proctor, did rent from said defendant a bathing suit for a valuable consideration in that behalf; that it was the intention of the said Mary E. Proctor, which the defendant then and there well knew, then and there to bathe in the waters of the Atlantic Ocean

adjacent to which the defendant's said bath house and bathing pavilion was located, and which waters constituted the facilities for bathing offered to defendant's patrons as aforesaid; that thereupon the said Mary E. Proctor did bathe in said Atlantic Ocean adjacent to said bath house and pavilion; that while so bathing the said Mary E. Proctor remained within the limit of the waters of said Atlantic Ocean, which constituted defendant's facilities as aforesaid; that the defendant negligently and carelessly failed to provide suitable and proper persons to superintend and watch over bathing in the waters customarily used by the patrons of said bath house, and in which waters deceased was bathing, and to watch over and superintend its, defendant's, patrons, who were bathing in such waters; that by reason thereof and by reason of the carelessness and negligence of the defendant the said Mary E. Proctor was then and there drowned in the waters of the Atlantic Ocean, near the bath house and bathing pavilion of the defendant, and while within the waters of the Atlantic Ocean, in which the defendant invited its patrons to bathe; that the said Mary E. Proctor died leaving neither husband nor minor child or children, nor any person or persons dependent upon her, the said Mary E. Proctor, for support; that the said Louise McKinney, plaintiff, was heretofore, on to-wit, the seventeenth day of July, 1912, duly appointed as Administratrix of the Estate of Mary E. Proctor.

Wherefore, the plaintiff brings this her suit, and claims Fifty Thousand ($50,000.00) Dollars damages.

3. And the plaintiff, by her attorneys, in this the third count of her second amended declaration, sues W. H. Adams, defendant, for that heretofore, on to-wit; July 7th, A. D. 1912, the said defendant was operating and maintaining a certain public bath house and bathing pavilion

where bathing suits were furnished for hire or rent at Pablo Beach, a seaside resort in the State of Florida, situated in the County of Duval and State of Florida; that the defendant had exclusive control and management of said bath house and bathing pavilion; that said bath house and bathing pavilion. was situated at or near the waters of the Atlantic Ocean at said Pablo Beach; that said defendant extended an invitation to the public to rent from him bathing suits and to avail themselves of the dressing room and kindred facilities of the defendant at said pavilion; that the waters of the Atlantic Ocean, situated directly in front of said pavilion and bath house and extending up and down the beach for a space of a few hundred feet on either side of said point directly in front of said bath house and pavilion, were the facilities for bathing which the defendant offered to the patrons of his bath house and pavilion; that said defendant, by renting said bathing suits, invited such members of the public as rented bathing suits from him, to avail themselves of the facilities aforementioned for bathing and to bathe in the waters of the Atlantic Ocean in front of and adjacent to the said pavilion as aforesaid; that said waters aforesaid were the waters customarily used by the patrons of said bath house, which the defendant well knew; that on to-wit, July 7th, A. D. 1912, one Mary E. Proctor, did rent from the said defendant a bathing suit for a valuable consideration in that behalf; that it was the intention of the said Mary E. Proctor, which the defendant then and there well knew, then and there to bathe in the waters of the Atlantic Ocean adjacent to which the defendant's said bath house and bathing pavilion was located, and which waters constituted the facilities for bathing offered to de fendant's patrons as aforesaid; that thereupon the said Mary E. Proctor did bathe in said Atlantic Ocean adja-

cent to said bath house and bathing pavilion; that while so bathing the said Mary E. Proctor remained within the limits of the waters of said Atlantic Ocean which constituted defendant's facilities for bathing as aforesaid; that the defendant negligently and carelessly failed to provide proper persons or appliances to rescue his patrons in the said waters customarily used by his said patrons, which constituted the facilities for bathing offered to such patrons by the defendant, and in which waters deceased was bathing, when such patrons were or might have been in danger of drowing; that by reason thereof and by reason of the carelessness and negligence of the defendant the said Mary E. Proctor was then and there drowned in the waters of the Atlantic Ocean near the bath house and bathing pavilion of the defendant and while within the waters of the Atlantic Ocean in which the defendant invited its patrons to bathe; that the said Mary E. Proctor died, leaving neither husband nor minor child or children nor any person or persons dependent upon her for the said Mary E. Proctor for support; that the said Louise McKinney, plaintiff, was heretofore, on to-wit, the seventeenth day of July, 1912, duly appointed administratrix of the estate of Mary E. Proctor.

Wherefore, the plaintiff brings this her suit and claims Fifity Thousand ($50,000.00) Dollars damages.

4.   And the plaintiff by her attorneys in this the fourth count of her second amended declaration, sues W. H. Adams, defendant, for that heretofore, on to-wit, July 7th, A. D. 1912, the said defendant was operating and maintaining a certain public bath house and bathing pavilion where bathing suits were furnished for hire or rent at Pablo Beach, a seaside resort in the State of Florida, situated in the County of Duval and State of Florida; that the defendant had exclusive control and management

of said bath house and bathing pavilion at or near the
waters of the Atlantic Ocean at said Pablo Beach; that
said defendant extended an invitation to the public to
rent from him bathing suits and to avail themselves of
the dressing room and kindred facilities of the defendant
at said pavilion; that the waters of the Atlantic Ocean
situated directly in front of said pavilion and bath house
and extending up and down the beach for a space of a
few hundred feet on either side of said point directly in
front of said bath house and pavilion were the facilities
for bathing which the defendant offered to the patrons of
his bath house and bathing pavilion; that said defendant
by renting said bathing suits, invited such members of
the public as rented bathing suits from him, to avail them-
selves of the facilities aforementioned for bathing and to
bathe in the waters of the Atlantic Ocean in front of and
adjacent to the said pavilion as aforesaid, that said waters
aforesaid were the waters customarily used by the patrons
of said bath house, which the defendant well knew; that
on to-wit, July 7th, A. D. 1912, one Mary E. Proctor, did
rent from the said defendant a bathing suit for a valuable
consideration in that behalf; that it was the intention of
the said Mary E. Proctor, which the defendant then and
there well knew, then and there to bathe in the waters
of the Atlantic Ocean adjacent to which the defendant's
said bath house and bathing pavilion was located, and
which waters constituted the facilities for bathing offered
to defendant's patrons as aforesaid; that thereupon the
said Mary E. Proctor did bathe in said Atlantic Ocean ad-
jacent to said bath house and bathing pavilion; that
while so bathing the said Mary E. Proctor remained with-
in the limit of the waters of said Atlantic Ocean which
constituted defendant's facilities for bathing as afore-
said; that the defendant negligently and carelessly failed

to provide a proper person or persons and to have such person or persons present on behalf of said defendant to search for and recover any of the patrons of said bath house, when such patrons were bathing in the waters customarily used by said patrons and which constituted the facilities for bathing offered said patrons by the defendant in which waters deceased was bathing, when such persons were or might have been in danger of drowining; that by reason thereof and by reason of the carelessness and negligence of the defendant the said Mary E. Proctor was then and there drowned in the waters of the Atlantic Ocean near the bath house and bathing pavilion of the defendant and while within the waters of the Atlantic Ocean in which the defendant invited its patrons to bathe; that the said Mary E. Proctor died leaving neither husband nor minor child or children nor any person or persons dependent upon her the said Mary E. Proctor for support; that the said Louise McKinney, plaintiff, was heretofore, on to-wit the seventeenth day of July, 1912, duly appointed as Administratrix of the Estate of Mary E. Proctor.

Wherefore, the plaintiff brings this her suit and claims Fifty Thousand ($50,000.00) Dollars damages."

To this declaration the following demurrer was filed:

"1.    The allegations of the second amended declaration show that the administratrix, as such, has no right of action in this cause.

2.    The second amended declaration does not state any facts or circumstances or conditions that authorize an administratrix to maintain the action.

3.    Each count of the second amended declaration shows and sets forth that the deceased intended to bathe and was attempting to bathe in the Atlantic Ocean, and

the Atlantic Ocean is in no sense a bathing place or resort operated or controlled by defendant.

4.   The facts stated in the second amended declaration show and establish that the defendant could not and would not invite the deceased to bathe in any bathing resort controlled by defendant, and defendant is in no wise responsible for any alleged lack of facilities for bathing in the Atlantic Ocean, as mentioned in the second amended declaration.

5.   The defendant, a private individual renting bathing suits, is not required to provide protection or safeguards for bathers in the Atlantic Ocean, as described in the second amended declaration.

6.   The mere renting of a bathing suit to deceased, as mentioned in said second amended declaration, is not sufficient to create any obligation or duty on the part of the defendant to provide the alleged lines, persons, appliances, rafts or other safeguards, as alleged in the second amended declaration.

7.   The duty, if any, to provide such safeguards or persons to guard or rescue bathers in the Atlantic Ocean is a public duty, if any such duty exists, incumbent upon the State or Municipality, but not upon private individuals.

8.   The deceased, attempting to bathe in the Atlantic Ocean, took the risk of any damages in so doing and there is no obligations or duty upon any person or public authority to provide safeguards for such bathers in such ocean.

9.   That the second amended declaration, and each count thereof, fails entirely to show or set forth that the deceased or the public were invited by the defendant to bathe in the Atlantic Ocean, or that the defendant had any such proprietorship over the Atlantic Ocean as that

he could or did invite bathers to bathe therein as to become responsible for any danger to such bathers from bathing in said ocean.

10.    That persons bathing in the Atlantic Ocean are not the guests of the defendant, or under any protection of the defendant, or licensees of the defendant, but voluntarily bathe in the said ocean and take all risks therefrom.

11.    That neither of the said counts allege or set forth any facts, by reason of which the plaintiff, as an administratrix, has any interest in or right of action on account of the said alleged death of the said Mary E. Proctor.

12.    That the said counts and each of them fail to allege or state any facts showing that any estate of Mary E. Proctor would be added to or increased by reason of the said alleged facts set forth in said counts of said second amended declaration.

13.    That the waters of the Atlantic Ocean were in no sense the premises of or property of the defendant and were not under his control, and were not, as a matter of law, facilities which the defendant did or could provide to the deceased for bathing purposes.

14.    That each count of said second amended declaration fails to allege or show that the house of the defendant described as a pavilion and bath house were in the Atlantic Ocean or immediately next to the waters of the Atlantic Ocean, but allege that same extended up and down the beach and not in the waters of the ocean.

## AS TO FIRST COUNT.

In addition to the foregoing above mentioned grounds as to each of the counts of the second amended declaration, defendant states the following as to the first count:

1.   Said count does not allege or set forth that at the time of the alleged renting of said bathing suit by the said Mary E. Proctor that the defendant owned or operated any private bathing place where the deceased, Mary E. Proctor, at that time intended to bathe or did bathe.

2.   Said count does not allege or set forth that the defendant paid a consideration for any right to bathe in the waters of the Atlantic Ocean at said resort but only alleged that she hired from defendant a certain bathing suit.

3.   That there is no valid and constitutional statute of the State of Florida that required defendant to maintain life lines or life rafts for the protection of bathers or of deceased attempting to bathe in the Atlantic Ocean.

4.   That the said statute referred to in said first count is in violation of the Constitution of the State of Florida and of the Constitution of the United States in attempting to interfere with and restrict legitimate business, and deprives the person engaged in the business of renting suits of his property without due process of law, and is a taking of such property without due compensation.

5.   The said statute is unconstitutional in that it un dertakes to put a burden or tax upon said business therein mentioned not authorized by the Constitution of Florida.

6.   That said statute of Florida referred to in said count does not provide or give private individuals any right of action or provide any penalty to be paid to private individuals for failure to comply therewith.

7.   That said statute referred to is in violation of the Constitution of the State of Florida, in that it undertakes to compel persons renting bathing suits to perform certain public duties, to-wit, to provide safeguards to bathers.

8.   That the said statute has no application to and does

not relate to persons who themselves and of their own accord undertake to bathe in public waters, to-wit, in the Atlantic Ocean.

9. That the waters of the Atlantic Ocean were in no sense the premises or property of the defendant and were not under his control, and were not, as matter of law, facilities which the defendant did or could provide to the deceased for bathing purposes.

10. That the said count fails to allege or show that the house of the defendant described as a pavilion and bath house was in the Atlantic Ocean or immediately next to the waters of the Atlantic Ocean, but alleges that same extended up and down the beach and not in the waters of the ocean.

## AS TO SECOND COUNT.

1. As to the second count defendant repeats each of the grounds hereinabove mentioned, and in addition the following:

That there is no duty or obligation, statutory or otherwise, upon the defendant to provide a suitable person or persons to superintend bathing in the waters of the Atlantic Ocean.

2. The said count does not show or set forth that the waters where deceased was bathing were the property of or controlled by or in the possession of the defendant.

3. That said count show no duty or obligation of the defendant to the deceased at the time of said alleged drowning of deceased.

4. That the waters of the Atlantic Ocean were in no sense the premises of or property of the defendant and were not under his control, and were not, as a matter of

law, facilities which the defendant did or could provide to the deceased for bathing purposes.

5. That said count fails to allege or show that the house of the defendant described as a pavilion or bath house was in the Atlantic Ocean or immediately next to the waters of the Atlantic Ocean, but alleges that same extended up and down the beach and not in the waters of the ocean.

## AS TO THIRD COUNT.

As to the third count defendant repeats each of the grounds hereinbefore mentioned, and in addition the following:

1. That there was no legal duty upon the defendant to provide persons or appliances to rescue persons bathing in the said waters of the Atlantic Ocean, as alleged in said count.

2. That said count states a conclusion in said allegation, to-wit, that the defendant did not provide persons or appliances to rescue persons bathing in the waters customarily used by patrons of said bathing house.

3. That the said count does not show or set forth that the waters in which deceased was bathing were owned, possessed or controlled by the defendant, but does show that they were public waters of the Atlantic Ocean not under the control of the defendant.

4. That said count shows no duty or obligation of the defendant to the deceased at the time of such alleged drowning of deceased.

5. That the waters of the Atlantic Ocean were in no sense the premises of or property of the defendant and were not under his control, and were not, as a matter of

law, facilities which the defendant did or could provide to the deceased for bathing purposes.

6. That said count fails to allege or show that the house of the defendant, described as a pavilion and bath house, was in the Atlantic Ocean or immediately next to the waters of the Atlantic Ocean, but alleges that same extended up and down the beach and not in the waters of the ocean.

### AS TO FOURTH COUNT.

As to the fourth count defendant repeats each of the grounds hereinbefore mentioned, and in addition the following:

1. That there was no legal duty of or obligation on the defendant to provide a person or persons and to have such person or persons present on behalf of the defendant to search for and recover patrons of said bath house in said waters mentioned in said count.

2. That the waters of the Atlantic Ocean were in no sense the premises of or property of the defendant and were not under his control, and were not, as a matter of law, facilities which the defendant did or could provide to the deceased for bathing purposes.

3. That said count fails to allege or show that the house of the defendant described as a pavilion and bath house was in the Atlantic Ocean or immediately next to the waters of the Atlantic Ocean, but alleges that same extended up and down the beach and not in the waters of the ocean."

The demurrer was sustained, and the plaintiff declining to plead further, final judgment on the demurrer was rendered for the defendant, and the plaintiff took writ of error.

*Bryan & Carson* and *J. M. Carson,* for Plaintiff in Error;

*John C. Cooper & Son,* for Defendant in Error.

WHITFIELD, J., *(After stating the facts)*—This action is brought under Sections 3145 and 3146 of the General Statutes of 1906, to recover "such damages as the party entitled to sue may have sustained by reason of the death of the party killed." When the decedent could have recovered for her injury if her "death had not ensued," then her administrator has a right of action under the statute, the decedent leaving no husband or minor child, nor any person dependent on her for a support. The question here is the right to recover, not the amount of the "damages * * * sustained by reason of the death." Jacksonville El. Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755, 15 L. R. A. (N. S.) 451.

When this alleged cause of action accrued, the following statute had been enacted:

"*Chapter* 6189—(*No.* 70).

AN ACT to Require Persons, Firms and Corporations Maintaining and Operating Public Bath Houses, Bathing Pavilions, and Other Similar Places at Seaside Resorts, to Maintain Life Lines and Life Rafts for Protection of Bathers and Providing a Penalty for Failure to do so.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1. Any person, persons, firm or corporation operating or maintaining public bath houses, bathing pa-

vilions, or other similar places, where bathing suits are furnished for hire or rent, at the seaside resorts in the State of Florida, are hereby required to maintain at all times proper and safe life lines and life rafts for the protection of the bathers at such seaside resorts.

Sec. 2.  Any person or persons, and the officers of any corporation violating the provisions of Section 1 of this Act shall be subject to a fine of not more than five hundred dollars or by imprisonment in the county jail of not more than six months, or by both such fine and imprisonment at the discretion of the court.

Approved May 23, 1911."

The effectiveness of this statute as defining a crime and prescribing a penalty for the offense cannot be considered here, but the policy of the statute has its influence upon the general principles of law applicable to the duties and correlative liabilities of persons engaged in business as is alleged in this case, even though the particular things required to be done may not have been required at common law.  The statute recognizes the use of the public waters of the State, "by persons, firms and corporations who are" "operating or maintaining public bath houses, bathing pavilions, or other similar places, where bathing suits are furnished for hire or rent at the seaside resorts in the State of Florida," and defines specific duties required of those who so use the public waters of the State, which specific duties are designed to protect the patrons of the particular business and are not inconsistent with duties that may be imposed by implication of law upon those engaged in such business.

Where one assumes to offer the use of public waters for purposes of profit by establishing bath houses or dressing rooms on the shore and furnishing bathing suits for hire.

to persons who are expressly or impliedly invited to use the bathing suits by bathing or swimming in the public waters, and a patron uses the waters in the usual and ordinary way consistent with the express or implied invitation, and without his fault, is injured because of the unsafe condition of the premises on which patrons are invited to bathe or swim, or because of the negligence of the proprietor in performing his duties to patrons, the one so offering the use of the waters for profit may be liable in damages for such injury.

The liability proceeds from the duty imposed by law upon one who thus assumes to offer the use of public waters for profit, to exercise due care to prevent injury to patrons who without fault use the waters in the customary way. One will not be permitted to establish for profit a business of furnishing facilities and inviting persons to use public waters for bathing or swimming and to escape liability for injuries caused by the unsafe condition of the premises so used, of which unsafe condition the patron may not know or have due appreciation, but of which proprietor of the business should know. The patron has a right to rely upon the due performance of the implied legal duty of the one furnishing the facilities and extending the implied invitation to use the premises, to keep the same in a reasonably safe condition or to give due warning as to and protection against dangers. Though the waters are public and no governmental authority be expressly given to so offer them for use, one who assumes to so offer the use of the waters also assumes the legal duties and liabilities that are commensurate with such offer of the use. The nature of the use fixes the duties and correlative liabilities. An invitation may be implied from a continued and general custom in using the premises by the patrons of the business. The nature of

15—Vol. 68

the use and the extent of the premises covered by an implied invitation to use, may be determined by the continued and general custom of the patrons of the place.

It may not be presumed from an injury that the keeper of the place failed to do his legal duty and consequently was negligent; but negligence of the keeper that proximately caused the injury must be duly alleged and proven; and any applicable contributory negligence on the part of the person injured will bar a recovery for a merely negligent injury. In determining whether the injured person is guilty of contributory negligence the practical capabilities of such person for self-protection under the particular circumstances should be considered, together with facts if any that should charge the keeper of the place or his employees with notice or knowledge of the same, when the injured person was invited to use the premises.

If a negligent failure to perform a statutory or a common law duty with reference to the safe condition of the premises customarily used by the patrons of a particular business enterprise, is a proximate cause of an injury to a patron who is not guilty of contributory negligence, the proprietor of the business may be liable in damages for such negligent injury.

It is alleged that the defendant "was operating and maintaining a certain public bath house and bathing pavilion where bathing suits were furnished for hire or rent at Pablo Beach, a seaside resort in the State of Florida; * * * that the defendant had exclusive control and management of said bath house and bathing pavilion; that said bath house and bathing pavilion was situated at or near the waters of the Atlantic Ocean at said Pablo Beach; that said defendant extended an invitation to the public to rent from him bathing suits and

to avail themselves of the dressing room and kindred facilities of the defendant at said pavilion; that the waters of the Atlantic Ocean situated directly in front of said pavilion and bath house and extending up and down the beach for a space of a few hundred feet on either side of said point directly in front of said bath house and pavilion where the facilities for bathing which the defendant offered to the patrons of his bath house and bathing pavilion; that said defendant, by renting said bathing suit, invited such members of the public as rented bathing suits from him, to avail themselves of the facilities aforementioned for bathing and to bathe in the waters of the Atlantic Ocean in front of and adjacent to the said pavilion as aforesaid; that said waters aforesaid were the waters customarily used by the patrons of said bath house, which the defendant well knew; that on, to-wit, July 7th, A. D. 1912, one Mary E. Proctor, did rent from the said defendant a bathing suit for a valuable consideration in that behalf; that it was the intention of the said Mary E. Proctor, which the defendant then and there well knew, then and there to bathe in the waters of the Atlantic Ocean adjacent to which the defendant's said bath house and bathing pavilion was located, and which waters constituted the facilities for bathing offered to defendant's patrons as aforesaid; that thereupon the said Mary E. Proctor did bathe in said Atlantic Ocean adjacent to said bath house and bathing pavilion; that while so bathing the said Mary E. Proctor remained within the limit of the waters of said Atlantic Ocean which constituted defendant's facilities for bathing as aforesaid; that the defendant negligently and carelessly failed to provide and maintain proper and safe life lines and life rafts for the protection of the patrons of its patrons, bathers at the said seaside resort, contrary to the Statutes of the State of Florida in

such cases made and provided; and also (2) that the defendant negligently and carelessly failed to provide suitable and proper persons to superintend and watch over bathing in the waters customarily used by the patrons of said bath house, and in which waters deceased was bathing, and to watch over and superintend its, defendant's patrons who were bathing in such waters; and also (3) "that the defendant negligently and carelessly failed to provide proper persons or appliances to rescue his patrons in the said waters customarily used by his said patrons, which constituted the facilities for bathing offered to such patrons by the defendant, and in which waters deceased was bathing, when such patrons were or might have been in danger of drowning; and also (4) that the defendant negligently and carelessly failed to provide a proper person or persons and to have such person or persons present on behalf of said defendant to search for and recover any of the patrons of said bath house, when such patrons were bathing in the waters customarily used by said patrons and which constituted the facilities for bathing offered said patrons by the defendant in which waters deceased was bathing, when such persons were or might have been in danger of drowning; that by reason thereof and by reason of the carelessness and negligence of the defendant the said Mary E. Proctor was then and there drowned in the waters of the Atlantic Ocean, near the bath house and bathing pavilion of the defendant, and while within the waters of the Atlantic Ocean in which the defendant invited its patrons to bathe; that the said Mary E. Proctor died leaving neither husband nor minor child or children nor any person or persons dependent upon her, the said Mary E. Proctor, for support; that the said Louise McKinney, plaintiff, was heretofore, on to-wit,

the seventeenth day of July, 1912, duly appointed as Ad
ministratrix of the estate of Mary E. Proctor."

The facts alleged as to the relation of patron and opera
tor of a public bath house and bathing pavilion at a sea-
side resort, where bathing suits are furnished for hire,
make it under the quoted statute a breach of duty for the
defendant operator of a public bathing place to "negli-
gently and carelessly fail to provide and maintain proper
and safe life lines and life rafts for the protection of" his
patrons.  For this alleged breach of duty the defendant
may be liable in damages, even if he is not liable for negli-
gently and carelessly failing to provide proper supervi-
sion and proper persons and appliances to rescue his pa-
trons in said waters customarily used by patrons, when
such patrons are without their fault in danger of drown-
ing.  All of these precautions may be duties of the opera-
tor of the place who offers its use to the public if the cir-
cumstances make such precautions reasonably necessary
or expedient for the safety to those who use the waters in
the customary way.  See Larkins v. Saltair Beach Co., 30
Utah 86, 83 Pac. Rep. 686, 3 L. R. A. (N. S.) 982, 8 Ann.
Cas. 977; Boyce v. Union Pac. Ry. Co., 8 Utah 353, 18 L.
R. A. 353; Bass v. Reitdorf, 25 Ind. App. 650, 58 N. E.
Rep. 95; Decatur Amusement Park Co. v. Porter, 137 Ill.
App. 448; Turlington v. Tampa Electric Co., 62 Fla. 398,
38 L. R. A. (N. S.) 72, Ann. Cas. 1913 D. 1213, 1 Neg. &
Comp. Cas. 490; Brotherton v. Manhattan Beach Imp.
Co., 50 Neb. 214, 33 L. R. A. 598; Dinnihan v. Lake Onta-
rio Beach Imp. Co., 8 App. Div. 509, 40 N. Y. Suppl. 764.

The defense of contributory negligence should be shown
by the defendant

Ownership of premises is not essential to liability for in-
juries proximately caused by the dangerous condition of
premises, the use of which is expressly or impliedly of-

fered to others. Liability may be imposed upon those who offer the use of premises under such circumstances as raise a legal duty to those who accept the offer and are injured because of the dangerous condition of the premises, where the negligence of the injured party does not contribute to the injury.

If at any time peculiar conditions at the usual place for bathing and swimming make the customary use patently or obviously dangerous, it may be contributory negligence to encounter the dangers. When the negligence of a plaintiff or those whom he represents contributes appreciably in producing the injury complained of the law affords no right of recovery in the absence of a statute covering the case. If a patron who is injured is not free from fault both of omission and commission while using the bathing facilities, there can be no recovery of damages from the party who provides the facilities for hire and invites or offers the use of the waters, even though such party is negligent in performing his duty to the patron.

The declaration in this case is sufficient as a lawful basis for proofs consistent with the allegation of negligence in the performance of legal duties due to a patron from one who furnishes facilities and offers the use of public waters for bathing purposes. If negligence within the scope of the allegations is shown to have proximately caused the death of the plaintiff's decedent, and such decedent was free from fault, there may be a recovery of damages in a proper amount as contemplated by the statute. See Florida East Coast v. Hayes, 67 Fla. 101, 64 South. Rep. 504.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

HOCKER, J., dissents.

HOCKER, J., dissenting:

I dissent from the opinion in this case because I do not think the administratrix has shown any right to sue and for a thorough discussion of my views, see dissenting opinion in the case of Jacksonville Electric Co. v. Bowden, 54 Fla. 461, text 477, 45 South. Rep. 755.