FREDERICK NORDGREN, ADMINISTRATOR, *vs.* LEO STRONG.

MAUDE CULLEN, ADMINISTRATRIX, *vs.* LEO STRONG.

First Judicial District, Hartford, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued October 3d, 1929—decided March 3d, 1930.

594

598

*Louis Feinmark* and *Jesse Greenes,* for the appellants (plaintiffs).

*Ernest A. Inglis,* for the appellee (defendant).

WHEELER, C. J. The defendant owned and operated a public amusement resort known as Strong's Pavilion on the shore of Lake Pocotopaug in East Hampton. He charged no admittance fee but admitted the public freely relying for his income for the facilities furnished upon his patrons renting his bathing suits, lockers, and boats, buying his food and refreshments and using his skating rink. The patrons could use the Pavilion and pier and enjoy the bathing without renting or purchasing anything from the defendant. It was wholly optional with them whether they paid the defendant anything during their stay at the Pavilion. The patrons were in the same relation to this resort that patrons of a department store would be. In both instances the Pavilion as well as the store was open for the reception of their patrons and neither could be considered as gratuitous guests but must be regarded as paying guests upon the invitation of the proprietor. The business principle underlying such business methods is that those who come to look will in most cases remain to pay or buy.

The plaintiffs' decedents were there by the invitation of the defendant. One who invites others to come upon his place of business and use his facilities is under a duty to exercise reasonable care to have and keep the premises and the facilities reasonably safe for his in-

vitees. It may be that they will in making use of these facilities be injured as the plaintiff was by the amusement device resembling a miniature automobile in an amusement park in *Saunders* v. *Pierce,* 107 Conn. 735, 139 Atl. 690, or it may be that a facility in the amusement park, a miniature railway, on rounding a curve may leave the track due to the lack of a suitable guard rail and injure one walking in the park, *Turgeon* v. *Connecticut Co.,* 84 Conn. 538, 543, 80 Atl. 714; in each case the proprietor was held liable for having maintained facilities in these parks which were defective, in violation of his duty to exercise reasonable care to have them reasonably safe for his patrons. See also *Bernier* v. *Woodstock Agricultural Soc.,* 88 Conn. 558, 564, 92 Atl. 160; *Godfrey* v. *Connecticut Co.,* 98 Conn. 63, 118 Atl. 446; *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 525, 131 Atl. 501; *Geohegan* v. *Fox & Co., Inc.,* 104 Conn. 129, 132 Atl. 408; *Rowe* v. *Huber,* 93 N. J. L. 360, 108 Atl. 361; *Easler* v. *Downie Amusement Co., Inc.,* 125 Me. 334, 133 Atl. 905. The same rule was applied in the following bathing beach or swimming pool cases: *Maehlman* v. *Reuben Realty Co.* (Ohio) 166 N. E. 920; *Dinnihan* v. *Lake Ontario Beach Improvement Co.,* 8 N. Y. App. Div. 509, 40 N. Y. Supp. 764; *Brotherton* v. *Manhattan Beach Improvement Co.,* 50 Neb. 214, 69 N. W. 757; *Larkin* v. *Saltair Beach Co.,* 30 Utah, 86, 99, 83 Pac. 686; *McKinney* v. *Adams,* 68 Fla. 208, 225, 66 So. 988; *Harvey* v. *Machtig,* 73 Cal. App. 667, 671, 239 Pac. 78; *Henroid* v. *Gregson Hot Springs Co.,* 52 Mont. 447, 456, 158 Pac. 824; *Decatur Amusement Park Co.* v. *Porter,* 137 Ill. App. 448, 452. We cite these cases arising out of accidents at a bathing beach or swimming pool, not to indicate our concurrence with all of the views of law they express, but in order to show the general attitude of the courts; for example, they not infrequently

hold that to be a matter of law which we would hold
to be one of fact as we shall later indicate. If the con-
duct of the business of a public resort requires the pro-
prietor in the exercise of reasonable care to furnish
provision for guarding the patrons from danger in
availing themselves of the attractions and enjoyments
of the resort, or provision for aiding them in escaping
from such danger resulting from their use of these
facilities, or for saving them after they have through
their negligence gotten themselves into the danger, he
must make such reasonable provision.

What reasonable care would require of a proprietor
of a public resort must depend upon the conditions and
the circumstances present. No absolute test can be
set up. The plaintiff assigns as error the failure of
the court in this case to charge as matter of law that
the defendant was obliged to have a suitable person
on hand and necessary appliances to effect rescues and
save patrons in bathing and to make every possible
effort to rescue those in danger. We think that ques-
tions of this character are questions of fact and not of
law and for the decision of the jury and that the court
ought not, except in the exceptional case, to dispose of
such questions as matter of law.

The trial court instructed the jury: "There is another
phase of the law, gentlemen, applicable to the situa-
tion here presented, to which I should direct your
attention. The proprietor of a bathing beach for hire
owes the obligation of reasonable care only to such
members of the public as become his patrons. If,
therefore, you should find from the evidence that Miss
Cullen or Mr. Nordgren, on the occasion in question,
did not hire a bathing suit or a bathhouse from him,
or hire from him any bathing facilities, they were not
patrons of his with reference to the bathing facilities,
and were mere licensees, and under such circumstances

the defendant did not owe them the legal duty when they went into the lake, which it appears is nine miles in circumference and has other bathing establishments, one of them as you will recall from the evidence, being only about a hundred feet away, of keeping appliances and persons present for their benefit. And when, under such circumstances, they went into the lake to swim, although it was in front of the defendant's premises, they assumed all of the risk of danger incident to the condition of the defendant's premises which have been disclosed by the evidence, the only danger being the depth of the water.

"Upon this phase of the law the plaintiffs themselves have offered evidence that Miss Cullen came to the lake, attired in her bathing suit; that she did not hire a bathing house from, or in any way patronize the defendant, but went into the water from the point of the defendant's pier and then attempted to make the unfortunate swim to the raft, which cost her and her companion their lives."

The rule of the trial court was at variance with our law and with the rule very generally of the authorities. All who visit a public resort of the character of Strong's Pavilion are patrons of the proprietor, whether they have paid the proprietor anything or not; to all who came to his resort he owed the duty of exercising reasonable care. If the rule of the court were the correct rule, the representative of Miss Cullen could not under the facts recover in this action and the court should have directed a verdict against him. Upon the undisputed facts we think it must be held as matter of law that Miss Cullen was negligent in attempting to swim to the float. She was a patron, and the case in behalf of her representative depended upon whether the jury found that the defendant had failed to provide suitable supervision and suitable appliances which

in the exercise of reasonable care he should have furnished, and that his failure to furnish these was the proximate cause, that is the substantial factor, of the failure to rescue her and of her death. The real issue in that case would have been the determination by the jury of whether the defendant exercised reasonable care to rescue Miss Cullen after she got in this position of danger, and whether, had the defendant exercised such care, Miss Cullen would have been saved. The plaintiff's case, if any, rested upon the application of the last-clear-chance doctrine. In the case in behalf of Nordgren, the court correctly charged that Nordgren was not negligent in going to the rescue of Miss Cullen and that he was a patron of defendant, but the court did not instruct the jury that after Nordgren was in danger in attempting to rescue Miss Cullen the defendant owed to him the duty of exercising reasonable care to rescue him from his peril and that if Miss Cullen's danger and death were caused in whole or part by the negligence of the defendant the defendant would be responsible for the drowning of Nordgren, provided the jury found that defendant's neglect was the proximate cause, that is the substantial factor, in causing his death. We think the court erred in not so charging in these terms or their equivalent.

There is error and a new trial is ordered in each case.

In this opinion the other judges concurred.