FRANCES VIGNONE, ADMINISTRATRIX (ESTATE OF JAMES J. VIGNONE) *v.* PIERCE AND NORTON COMPANY, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 6—decided July 22, 1943.

*James W. Carpenter*, for the appellant (defendant).

*A. W. Firestone,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff's intestate, a seventeen-year-old boy, was drowned at Lake Compounce on June 19, 1940, when trying to swim to shore from a rowboat which became filled with water while in use by him and a companion of the same age. The defendant owned and operated an amusement and recreation park at the lake and, as incident to it, owned and let out for hire nine rowboats, of which that being used by the decedent and his companion was one. The complaint charged the defendant with negligence in various respects. The case was tried to the jury, a verdict was rendered for the plaintiff and the defendant has appealed from the judgment entered on it, claiming error in the refusal of the trial court to submit to the jury certain requests to charge and in certain portions of the charge as given. The assignments of error leave much to be desired in the way of accuracy. They refer to paragraphs of the requests to charge by the numbers they have in the request for a finding, which is not printed, instead of by the numbers given them in the finding. In one instance, error is assigned in a long passage of the charge without specifying the respect in which it is claimed to be defective; see Conn. App. Proc., p. 134; and in another, a single assignment of error refers to six paragraphs of the charge, each of which deals with a separate matter. The brief of the plaintiff shows, however, that she was not misled in any way as to the claims of the defendant and we will, therefore, overlook these defects.

One of the allegations of negligence in the complaint is that the defendant was negligent in failing to

provide any lifeguards or in providing an insufficient number, and the trial court submitted this claim to the jury. The lake is about two thousand feet long and seven hundred feet wide at its widest point. The plaintiff claimed to have proved that the defendant controlled it and that it was its duty to patrol or police it; and that the rowboats were not limited to any particular portion of it. At one point on the shore the defendant conducts a bathing beach and it had one or more lifeguards there whenever bathing facilities were open to the public; but it did not provide lifeguards for any other portions of the lake. It owned and operated three speedboats on the lake. The plaintiff claimed that the speedboats did not follow any regular course, but were deliberately driven in a zigzag course, sometimes crossing their own backwash, in order to give the passengers thrills and excitement; that they thereby created waves one to two feet high; that at times they were operated in close proximity to the rowboats on the lake and on several previous occasions had caused rowboats to capsize or sink; and that on the occasion of the drowning of the decedent a speedboat went within ten to twenty-five feet of the boat in which he was, causing it to be filled with water and sink. If the jury found these facts, it would be for them to determine whether or not the defendant should reasonably have anticipated danger that rowboats would be filled with water by the operation of the speedboats and whether reasonable care required that it maintain an adequate number of lifeguards to go to the rescue if the occupants of any rowboat might thereby be endangered. *Nordgren* v. *Strong,* 110 Conn. 593, 600, 149 Atl. 201; *Skelly* v. *Pleasure Beach Park Corporation,* 115 Conn. 92, 96, 160 Atl. 309.

The defendant makes the further claim, with reference to this matter, that the deceased was its licensee

and not its invitee. He was in attendance at a picnic of the State Trade School at Hartford and the athletic association of the school had made an arrangement with the defendant under which all the rowboats were reserved for its students; payments for use of the rowboats were made to the association, not directly to the defendant. The basis of the defendant's claim is that the association became bailee of the boats, in effect an independent contractor, and that, as regards their use on the lake, those taking them out were merely licensees of the defendant. Whatever might be the situation with reference to the boats themselves, the mere fact that the athletic association took control of them would not make the use of the lake by the decedent one not at the defendant's invitation. Over that, the defendant in no way surrendered its control. The situation is analogous to that where a visitor to a tenant of an apartment house is injured through a defect in a common approach; and we have held that the landlord is liable, not because the visitor is there at the invitation of the tenant, but because the user is for the common interest or mutual advantage of both the landlord and the visitor. *Reardon* v. *Shimelman,* 102 Conn. 383, 386, 128 Atl. 705; *Webel* v. *Yale University,* 125 Conn. 515, 519, 7 Atl. (2d) 215. We have held that one who visits a bathing resort where no charge is made for admittance but the owner gets income from the sale of food, rent of bathing suits and the like is an invitee. *Nordgren* v. *Strong,* supra, 602. It was certainly for the business advantage of the defendant that use should be made of the lake by students taking the boats out, even though their immediate right of possession had been derived from the association and not directly from the defendant. The claim of the defendant is without foundation.

The plaintiff alleged and, as appears in an amend-

ment to the finding, claimed to have proved that the defendant was negligent in failing to provide life preservers for the boats, and the trial court submitted this claim to the jury. It charged them upon the theory that the athletic association was bailee of the boats, and instructed them that if the defendant knew that they were immediately to be put to use by the students it was bound to use reasonable care to see to it that the boats, as to condition and equipment, were reasonably safe for normal use, except as to such defects in condition or equipment as the defendant might reasonably expect the association or any student using one of them, in the exercise of reasonable care, to discover and correct, and that this was the extent of the defendant's duty. The defendant, in its brief, accepts this charge as correct. It claims error in a brief reference to this matter a little later in the charge, where the trial court, in referring to the claims of negligence in the complaint, said, as to the one claiming negligence in the absence of life preservers, that the question was, whether the defendant "had violated its duty" in respect to them. It meant, of course, and the jury must have understood, the duty as it had been defined in the earlier charge, as to lack of equipment in the boat, to which we have referred. Certainly we cannot hold as matter of law, for the reasons we have given in discussing the matter of lifeguards, that failure to equip the boats with life preservers was not a failure to take reasonable precaution against the danger of their being filled with water because of the operation of the speedboats.

The defendant assigns error in that the trial court submitted to the jury the issue of the defendant's liability under the last clear chance doctrine. It is true, as it says, and the trial court charged, that this doctrine would come into operation only after the decedent

had been found guilty of negligence; *Kinderavich* v. *Palmer*, 127 Conn. 85, 94, 15 Atl. (2d) 83; and that the plaintiff's claims of proof were that the decedent was not negligent in any way. But the plaintiff was entitled to claim that he was not negligent, and, in the alternative, that if he was found to have been negligent she is entitled to recover on the basis of the doctrine. The plaintiff did make this alternative claim, as appears from the amendment to the finding. The defendant pleaded in its answer that the decedent had been guilty of contributory negligence in various ways, and this the plaintiff denied in her reply. Although there appears in the defendant's claims of proof no specific claim that the decedent was guilty of contributory negligence, it is asserted that he and his companion were standing up in the rowboat, fooling, waving their arms and the like, and that it was their conduct which swamped the boat. One of the allegations of the answer was that the decedent and his companion intentionally caused the boat to be filled with water. When, in reviewing the allegations of the answer, the trial court referred to this one, it asked defendant's counsel if he claimed to have proved it and counsel replied that he did not and asked permission to strike out the allegation, which the court granted. It then proceeded to charge fully on contributory negligence without further comment from counsel. Under these circumstances, the defendant's claim before us, that the issue of negligence on the part of the plaintiff's intestate was not in the case and hence that there was no basis of a charge on the last clear chance doctrine, is without merit.

The plaintiff claimed to have proved that one speedboat, in passing the rowboat at a distance of not more than ten feet, caused water to go into it until its gun-

wales, instead of being some eight or nine inches above the surface of the lake as they normally would have been, were only four inches above it, that this rendered the boat difficult to maneuver, that one of the boys was trying to row it to the shore and the other was attempting to bail out the water with his hands, and that another speedboat, with nothing to obstruct the view of the operator from a point three hundred feet away, passed within twenty-five feet of the rowboat and filled it completely with water because of the waves caused, so that it began to sink. Without going into detail, the bare outline of these claims of proof is sufficient to show that there was an adequate basis for submission to the jury of the issue of the plaintiff's right to recover on the last clear chance doctrine.

The defendant assigns error in a portion of the charge as to the doctrine because the trial court instructed the jury that as under the statute, General Statutes, Cum. Sup. 1939, § 1399e, the decedent was to be presumed to have been in the exercise of due care, the doctrine would not be in the case unless and until the defendant had proved that he was negligent in at least one of the ways alleged in its defense of contributory negligence. Negligence of a plaintiff is a condition of the application of the doctrine only in the sense that there is no occasion to invoke it unless such negligence has been established. *Kinderavich* v. *Palmer,* supra; *Carbone* v. *Krott,* 100 Conn. 414, 416, 123 Atl. 903; *Notarfrancesco* v. *Smith,* 105 Conn. 49, 57, 134 Atl. 151. The burden of proof upon the issue of such negligence is not, generally speaking, of any consequence, for it is the fact that the plaintiff has been found guilty of negligence which brings the principle into the case. He might, for example, admit such negligence. Where, however, as in this case, the issues were submitted to the jury with the plaintiff

claiming in the first instance that her intestate was not negligent and the defendant claiming that he was, it is not inaccurate to charge, as the trial court in effect did, that the doctrine need not be considered by the jury unless and until they had found that the defendant had maintained the burden resting upon it under the statute of proving such negligence.

The defendant requested the court to charge that if, as it claimed, the drowning of the decedent was due to his being seized by a cramp while swimming to the shore the jury could not find that its negligence was the proximate cause of his death. The trial court charged as requested, but added the qualification, "unless the negligence of the defendant was the proximate cause of the decedent's going into the water"; and the defendant claims that the addition was error. That the decedent should be seized with a cramp while attempting to swim to shore was not such an unusual or unnatural occurrence that it could be said, as matter of law, to break the chain of causation between the negligence of the defendant and decedent's death by drowning. See *Squires* v. *Reynolds,* 125 Conn. 366, 370, 5 Atl. (2d) 877; *Mahoney* v. *Beatman,* 110 Conn. 184, 199, 147 Atl. 762; *Kinderavich* v. *Palmer,* supra, 98; Restatement, 2 Torts, § 461.

In view of what has been said, the remaining assignment of error requires no comment.

There is no error.

In this opinion the other judges concurred.