THOMAS LOWTHERT *v.* LOYAL ORDER OF MOOSE OF STAMFORD, LODGE No. 940, INC., ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued June 7—decided July 19, 1960

*Joseph M. Kaye* and *John J. Sullivan,* for the appellant (plaintiff).

*Maurice J. Buckley,* for the appellee (named defendant).

KING, J. The plaintiff has indulged in a wholesale attack on the finding. The few corrections in the subordinate facts to which he is entitled, in so far as material, will be included in the recital of facts required for an understanding of our decision.

The basic claim of the plaintiff is that the court, as matter of law, was compelled, on the subordinate facts of the finding as properly corrected, to find negligence on the part of the named defendant and that the failure of the court so to do was erroneous. On December 31, 1955, the plaintiff, with his wife, attended a New Year's eve party which was held by the named defendant, hereinafter referred to as the defendant, in a building which it owned and occupied in Stamford. Although the party was limited to the defendant's members and their guests, an admission fee was charged. The plaintiff, who himself was a member, paid the fee. On the second floor, there were tables and a service bar. An orchestra was provided, and dancing took place. During the evening, dinner was served on the third floor. The front entrance of the building is on the first, or street, floor. A flight of about sixteen stairs runs to

a landing, from which a similar flight extends to the second floor. The tickets for the party were taken on the second floor by the sergeant at arms.

The plaintiff and his wife and the defendant Paul Ginise and his wife were among the five couples who sat at a table which had been reserved. At about 10:30 p.m., the plaintiff, while sitting at the table, saw that Ginise had in his hands a firecracker known as a cherry bomb. The plaintiff told Ginise not to explode it or he would hurt someone, but Ginise ignored the remonstrance and said he would go into the men's room to discharge the bomb. Shortly thereafter, while the plaintiff was still sitting at the table, he heard a loud explosion in the hall in the general direction of the stairway leading from the street floor. Ginise had left the table. He reappeared and asked the plaintiff if he had heard the explosion. The plaintiff told Ginise not to do it again and he promised he would not. Henry Honcz, the sergeant at arms and a member of the committee on arrangements, and John Erskine, chairman of the committee, knew that the explosion had taken place outside the room in the area of the stairway. They, together with a uniformed policeman provided by the defendant, went down the stairs to investigate the cause of the noise. They found no one, but on the stairs they discovered charred, burned paper which all three concluded came from a firecracker. This they thought had been thrown in from the street, although the street door was kept locked, by means of an automatic lock, except when it was opened to admit a person who either had used the buzzer to indicate his desire to enter the building or had used his own member's key. All the guests, including those at the plaintiff's table, later went upstairs, where supper was served.

At about 11:30 p.m., all returned to the second floor, and dancing was resumed. While the plaintiff was standing near the reserved table talking, there was another loud explosion and he felt something hit his leg. When he raised his trousers, he saw that his left leg was injured. Ginise admitted that he had surreptitiously lighted a cherry bomb under the table and thrown it to his left. This was the only explosion which took place in the second-floor room itself, and it was this explosion which injured the plaintiff. He instituted the present negligence action against Ginise and the defendant, seeking damages for personal injuries. Since Ginise suffered a default, the case as to him amounted to a hearing in damages, and against him the plaintiff recovered judgment. From a judgment in favor of the defendant, the plaintiff has appealed.

Although the complaint contains a number of specifications of negligence, the plaintiff in his reply brief disavows any claim of negligence based on the defendant's failure, after the first explosion, "to institute a personal search of the guests and to seek out the particular person possessing the firecrackers." It is the plaintiff's claim that the defendant did nothing after the first explosion and that the action which the defendant should have taken was what it admittedly did take after the second explosion, that is, a member of the arrangements committee announced that somebody was throwing firecrackers, that a person had been hurt, and that if the throwing of firecrackers did not stop, the person responsible would be ejected. The plaintiff claims that the effectiveness of such an announcement is demonstrated by the fact that after the making of the announcement there were no further explosions. Thus, he says, proximate cause was estab-

lished as matter of law. It seems unlikely, on the facts, that a trier would reach such a conclusion. The judgment was, however, correct without regard to the issue of proximate cause, on which the court made no finding. Therefore we do not discuss that issue.

The court found no contributory negligence and no negligence on the part of the defendant. A conclusion by the court demonstrates that it correctly held that the plaintiff was a business visitor, that is, an invitee, under the rule of cases such as *Facey* v. *Merkle,* 146 Conn. 129, 133, 148 A.2d 261; *Hennessey* v. *Hennessey,* 145 Conn. 211, 212, 140 A.2d 473; *Vignone* v. *Pierce & Norton Co.,* 130 Conn. 309, 313, 33 A.2d 427; *Miller* v. *Poli's New England Theatres, Inc.,* 125 Conn. 610, 614, 7 A.2d 845; *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 525, 131 A. 501; and *Glynn* v. *Lyceum Theatre Co.,* 87 Conn. 237, 241, 87 A. 796. A further conclusion discloses that the court applied the correct measure of duty owed by the defendant to a business visitor, as pointed out in the foregoing cases; that is, the exercise of reasonable care to have and keep the premises reasonably safe for the reasonably to be anticipated uses which he would make of them. *Facey* v. *Merkle,* supra.

The plaintiff claims that it was an error of law for the court to conclude that he failed to prove that the defendant, through its agents, was negligent in believing, after the investigation following the explosion in the hall area, that a firecracker had been thrown in from the outside. That the street door was kept locked by an automatic lock except when guests entered might perhaps have justified a conclusion such as the plaintiff claims should have been reached. But we cannot hold as matter of law

that it was required. Thus, a passing reveler might have thrown the firecracker in while the door was open for an entering guest. Even if the guest saw the act and could identify the person responsible, the guest might, as the plaintiff in fact did, keep to himself his knowledge of the culprit's activities. There was no evidence that the steward, who had control of opening the door in response to the buzzer, had occasion to answer any buzzer on the evening in question. However, between 200 and 250 people attended the party, and obviously they in some way entered the building. There is nothing to indicate that all of them arrived at the same time, or entered as a single group. The plaintiff, recognizing the importance of the conclusion that the defendant was not proven negligent by reason of the belief of its agents that the firecracker was thrown in from outside by a passing reveler, concentrated an attack on that conclusion. Of course, the mere fact that the belief turned out to be erroneous does not establish that there was negligence in entertaining it. Since the conclusion cannot be changed, it follows that we cannot hold, as matter of law, that the defendant should, in spite of the belief that the culprit was a reveler passing outside, have caused an announcement to be made threatening the expulsion of anyone inside who was responsible for throwing firecrackers. Especially is this so since the party was orderly, Ginise himself was not claimed to be intoxicated or addicted to such pranks, and quite properly there is no claim that the defendant was notified by the plaintiff or anyone else, or should otherwise have had knowledge, of the activities of Ginise.

There is no error.

In this opinion the other judges concurred.