IVAN L. BUNNELL (ELSIE G. BUNNELL, ADMINISTRATRIX) *vs.* THE WATERBURY HOSPITAL.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

The plaintiff offered evidence from which the jury might reasonably have found that the defendant owned a building containing an auditorium rented by it on the evening in question to the Salvation Army for a public meeting which was attended by the plaintiff's intestate, who, having occasion to search for a toilet, left the balcony upon the third floor, crossed the hallway, and entered a cloakroom, the door of which stood open, though the room itself was not in use and had no light other than that which entered through its window and from the well illuminated hallway. The decedent observed a closed door opposite the one by which he had entered; he opened this door, which was unlocked, and fell into an open elevator shaft, sustaining injuries which subsequently caused his death. There was no sign of warning or prohibition upon this door. The jury returned a verdict for the plaintiff, which the trial court refused to set aside. *Held:*

1. That in passing upon the denial of the defendant's motion to set aside the verdict, this court must view the evidence in the light most favorable to the plaintiff.

2. That in entering the cloakroom and opening the door into the elevator shaft, the decedent acted upon the implied invitation of the defendant.

3. That the defendant owed to the decedent, as an invitee, the duty to exercise reasonable care to maintain the cloakroom in a reasonably safe condition for his use; and that the jury were amply justified, upon the evidence, in concluding that the defendant had violated this obligation.

4. That since the conduct of the decedent was of such a nature that reasonable men might reasonably differ concerning it, the finding of the jury upon the issue of contributory negligence could not be disturbed by this court.

5. That the trial court properly refused the defendant's request to charge that if the jury found that the cloakroom door was closed, the decedent ceased to be an invitee when he opened it, *first,* because it was a conceded fact that this door was open, and *second,* because, assuming that it had been closed but unlocked, the decedent would have been acting under defendant's implied invitation in opening it.

6. That the refusal of the defendant's requests to charge was justified on the ground that they assumed some, but not all, of the essential facts in evidence.

7. That the trial court's instruction that, if a reasonable man would naturally expect the cloakroom door to be used in connection with the auditorium, it was then the duty of the defendant to comply with a city ordinance requiring every portion and outlet of a building used for public performances to be lighted, was not open to the criticism, either that it left to the jury the determination of whether or not the decedent was an invitee, or that it placed too broad a construction upon the ordinance in applying it to this cloakroom.

8. That the trial court did not err in ruling upon the admission of evidence, and in charging the jury that the damages recoverable by the plaintiff in a statutory action for wrongful death, included not only the economic value of the decedent's life to himself and his pain and suffering, but also his disability, his loss of earnings, and his expenses incurred prior to death, the entire amount not to exceed $10,000.

9. That this court was in no position to pass upon the merits of the defendant's claim that, being a charitable corporation, its duty toward the plaintiff was limited to the exercise of ordinary care in the selection of its servants and agents, since the question had not been raised in the trial court, either in the defendant's pleadings or in its requests to charge.

Argued October 28th—decided December 23d, 1925.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Avery, J.*; verdict and judgment for the plaintiff for $9,500, and appeal by the defendant. *No error.*

*Walter E. Monagan* and *James W. Carroll,* for the appellant (defendant).

*Ulysses G. Church,* for the appellee (plaintiff).

WHEELER, C. J. We take up first the ground of appeal based upon the denial of the motion to set aside the verdict. The jury might reasonably have found these facts, based upon the evidence offered by the plaintiff. The defendant, on May 25th, 1924, and for several years prior thereto, had maintained on the second story of the Buckingham Building in the city of Waterbury, a large assembly-hall with a balcony on the third floor, which defendant rented for purposes of entertainment and public meetings. The defendant maintained, for the convenience and use of the public when this hall was rented, lobbies and stairways leading to the hall, cloak and toilet rooms on the second floor, and a stairway and hallway leading to the third floor. There was also a cloak-room, but no toilet-room, on the third floor. The rental of the hall included, without additional charge, all of these portions of the building, including the cloak-room, if the renters desired to use the same. The cloak-room was situated directly across the hallway from the entrance to the balcony, and in the same approximate position with reference to the balcony entrance as were the toilets and cloak-room on the second floor. The door to this cloak-room, on the night of May 25th, was unlocked and open. The hallway outside was well lighted, and

the light from the hall lights, together with the reflection from street-lights through a window, lighted, though somewhat dimly, this cloak-room, which had upon its floor two hat and coat racks. On the side of the coat-room opposite the door into the hall, was a door opening upon a freight-elevator shaft extending from the basement to the third floor. The hall was rented on May 25th, 1924, to the Salvation Army, for a meeting which was open to the public. The decedent, the husband of the plaintiff, came to the meeting with his two small children, for the purpose of meeting his wife, and went with the children upstairs to the balcony of the third floor. One of the children desiring to go to a toilet, he left the balcony with them, crossed the hallway and entered the cloak-room directly opposite through the open door. Leaving the children he went across the room to a door which bore no sign warning against, or prohibiting, the opening of the door. The door was unlocked. He, assuming it to be the door to a toilet, opened it and fell to the bottom of the elevator shaft, and suffered injuries from which he subsequently died. The agent of the building and the janitor were the only persons who had keys for the door to the cloak-room and that to the elevator shaft. There was an electric push button on the wall inside the cloak-room for the turning on of the electric lights in the room, but the lights were not turned on at the time of the accident. The ordinances of the city of Waterbury required that all halls and appurtenant hallways and rooms used by the public for entertainments and meetings should be fully lighted during the period of holding such meetings.

The defendant's contention that the action of the trial court was erroneous, rests upon two grounds: (1) that the defendant owed the decedent no duty other than to avoid toward him active negligence, and

hence no basis for liability has been established; (2) that whether defendant was negligent or not, decedent's own contributory negligence was a proximate cause of the injuries suffered by him. The first claim depends upon whether, on the facts, the decedent, when in the cloak-room, was a trespasser or a licensee, or whether he was there upon the implied invitation of the defendant. The argument upon this point, as well as upon the other features which concern the setting aside of the verdict, mistakenly assumes that we are to find upon conflicting evidence the facts which it assumes the weight of the evidence shows ought to have been found in favor of the defendant. On the contrary, the facts are to be found on the most favorable view which can be reasonably taken of the plaintiff's evidence. The decedent was in the hall by invitation. He had the right to leave the hall and go upon the errand he did. When he descended from the balcony to the hall he saw, across the hall, an open door somewhat dimly lighted. When he entered the cloak-room to take his child to the toilet, he saw that it was a cloak-room; he also saw the door across this small room, dimly lighted as it was. Having entered by the invitation of the defendant, he had the right to cross the room and seek the toilet through this door, and while in the room he was there upon the implied invitation of the defendant. He was neither a trespasser nor a licensee. To such an one the defendant owed the duty of refraining from wilfully, that is intentionally, or wantonly injuring him. This rule is subject to the exception that when the defendant knew of the presence of a trespasser in a position of peril, his duty was to use ordinary care to avoid injuring him. Kalmich v. White, 95 Conn. 568, 571, 111 Atl. 845; Carlson v. Connecticut Co., 95 Conn. 724, 730, 112 Atl. 646. To the decedent, using the room by the

implied invitation of the defendant, it owed a similar duty, and also the larger duty of exercising reasonable care so as to have the cloak-room reasonably safe for the use of the decedent, since the privilege of user existed for the common interest of both the decedent and the defendant.   *Pomponio* v. *New York, N. H. & H. R. Co.*, 66 Conn. 528, 541, 34 Atl. 491; *Camp* v. *Wood*, 76 N. Y. 92.   To invite the decedent into this cloak-room, where defendant maintained an unlocked door to an elevator shaft on the third floor of a building, with no sign or warning upon this door or in this room to prevent users of the room from opening the door, and with no sufficient light in the room to enable him to anticipate from the character of the door that it was the entrance to an elevator shaft, was clearly negligence, as the complaint alleges.   The defendant contests the issue of negligence, but we think it so clear against the defendant, when once the decedent is found to have been rightfully in the room and looking for a toilet upon the implied invitation of the defendant, that we do not esteem it necessary to further discuss this conclusion.

The only other contested issue upon this branch of the case is that the decedent's own negligence materially contributed to his injuries.   In passing upon this point, we start with the decedent rightfully in this room and rightfully approaching this door and intent upon opening it for the object of his search.   His negligence, if any, consisted not in opening the door, but in not looking after he had opened the door and before he had stepped across its threshold, with the dim light behind him and the darkness of the elevator shaft in front of him.   His course of conduct must be judged as the circumstances would then appear to a reasonable man.   There is no sign of warning on or about the door; it is unlocked; it opens into the elevator shaft.   A

partial step, the foot upon the sill as the door is opened, the balance lost, even a little, and the fall is inevitable. The decedent opens the door and falls in. The test of the conduct of the decedent is that of the ordinary man under the same circumstances, and that is always to be resolved by the jury or trier. If, under the circumstances existing, differing conclusions might be reasonably reached as to whether decedent's conduct was negligent when he fell, our law made the jury, upon the facts in evidence which they might reasonably have found, the final judges of whether this decedent's negligence materially contributed to his fall and consequent injuries. *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 248-257, 21 Atl. 675, 22 id. 544. From an examination of our law, we think it will appear that "in cases involving the question of negligence, where the general rule of conduct is alone applicable, where the facts found are of such a nature that the trier must, as it were, put himself in the place of the parties, and must exercise a sound discretion based upon his experience, not only upon the question what did the parties do or omit under the circumstances, but upon the further question, what would a prudent, reasonable man have done under those circumstances, and especially where the facts and circumstances are of such a nature that honest, fair-minded, capable men might come to different conclusions upon the latter question, the inference or conclusion of negligence is one to be drawn by the trier and not by the court as matter of law." The court can, as a matter of law, upon a situation calling for the judgment of the reasonably prudent man, determine the issue of negligence only where "the conduct may be such that no court could hesitate or be in doubt concerning the question whether the conduct was or was not the conduct of a person of ordinary prudence under the

circumstances. . . . Whether the trier is one man or twelve men makes no difference. If the case is such that the trier and not the law must determine whether the conduct in question is, or is not, that of the prudent man, the conclusion of the single trier upon this point is just as binding and final as that of twelve men."

"On every appeal of this character the controlling question is whether the conclusion is one which the jury might reasonably have reached; one to which twelve honest men acting fairly and intelligently might reasonably have come. If it is, the verdict should stand; if it is not, it should be set aside." *Steinert* v. *Whitcomb,* 84 Conn. 262, 263, 264, 79 Atl. 675.

Applying these tests to the facts which the jury might reasonably have found, we cannot hold that the trial court erred in refusing to set aside this verdict, for that would mean that we held, as matter of law, that under the circumstances surrounding this decedent the ordinarily prudent man should have seen the open shaft when he opened the door and before he stepped upon or across its threshold, and thus have avoided falling into it.

Defendant's first request to charge, that if the jury found that the cloak-room was not being used and was dark, and the door thereof closed, then the decedent when he opened the door and entered the cloak-room, ceased to be an invitee or licensee and thereafter defendant owed him no duty except to refrain from any act of active negligence, was properly refused. The request does not contain all the facts of which defendant either offered evidence, or conceded as established facts, upon the subject of whether the decedent was in the the room as an invitee. Concededly the door of the cloak-room was unlocked, there were no signs or warnings to notify the decedent and the patrons of the hall that the cloak-room was not in

use, and the room was not dark; it was dimly lighted from the lights in the hallway when the door was opened and from a window through which some light was reflected. Moreover, the request in the form made was not a correct statement of the rule of law. The request assumes the finding by the jury of certain facts; if these were all the essential facts upon the subject of whether the decedent was an invitee or not, the court was bound to charge as to whether the decedent was then an invitee or not. We do not think that the conclusion of law as reached in the request follows. The door opening into the cloak-room was directly opposite the balcony entrance, across the hallway, which was well lighted. It was a natural thing for the decedent, or any other patron of defendant, if the door were shut, to have opened it and entered this room in search for a toilet. The defendant could, by keeping the door locked, have kept its patrons out of the room. To maintain an unlocked door in such a location in a room, which the renters of the hall and their patrons could use at their option, and with no notice to warn the patrons against opening this door and entering the room, was an invitation to the patrons to enter this room.

The second request to charge asked for a direction to the jury that if they found certain facts proven, the decedent would be guilty of contributory negligence. The request failed to state all of the essential facts in evidence; it omitted all reference to the unlocked door to the elevator, the failure to have a warning of danger upon or near the door, and incorrectly stated the facts as to the condition of light in the room. If all of these conditions had been correctly stated, it was not in the power of the court to instruct the jury that the decedent would then have been guilty of contributory negligence. That finding was one of

fact for the jury and not of law for the court. *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 21 Atl. 675, 22 id. 544.

Error is predicated upon the charge that if a reasonable man would naturally expect the door to the cloakroom to be used in connection with this hall, it would be the duty of the defendant to comply with the ordinance of the city of Waterbury which required that "every portion of the building devoted to the uses or accommodation of the public, also all outlets, . . . shall be well and properly lighted during every performance." The criticism of this part of the charge seems to be that it practically leaves to the jury the determination of whether the decedent was in this room as an invitee or not, and construes the ordinance too broadly in making it apply to this cloak-room. Neither criticism is tenable. The instruction, taken in connection with other parts of the charge upon the subject of implied invitation, presented this subject with sufficient accuracy and ought not to have been misunderstood by the jury; the test adopted in this instruction is the true test of the implied invitation. The ordinance plainly applied to the cloak-room, provided the jury found that the decedent was rightfully in its use by the implied invitation of the defendant, because under these circumstances a reasonable man would conclude that the cloak-room was intended to be used by him at this time.

The remaining reasons of appeal, both in the parts of the charge and in the rulings on evidence complained of, embrace the same point, that the damages recoverable in an action for causing death by negligence must be limited to the amount fixed by our statute, $10,000, and are measured by the economic value of the decedent's life to himself, plus the pain and suffering incurred by the decedent in his lifetime, but not the ex-

penses incurred for doctors, nurses, medicines, and hospital maintenance and service. The claim is made upon the authority of *Kling* v. *Torello,* 87 Conn. 301, 87 Atl. 987. That involves a misreading of that opinion. We say in that case (p. 306): "When one, as the result of injuries inflicted, suffers during life, and death later results, there are not two independent rights of action. There is but one liability, and that is for all the consequences of the wrongful act including the death. . . . The survival statute operates to transfer to the representative the right of action which the deceased had for his sufferings and disability during life, while the death enlarges his right of recovery by permitting an award of additional damages for the death itself as one of the harmful results of the wrongful act." The decedent during his life had an action for his sufferings and disability. If a consequence of the wrongful act was the incurring of expense in effecting his cure, or the loss of earnings, he is entitled to recover for these expenses along with his damages for his suffering, and if death subsequently ensue, he is entitled to recover damage for that, measured by the value of his life to him. The statute, General Statutes, §6137, limits the recovery to just damages not exceeding $10,000, and the just damages include those for pain and suffering, disability, loss of earnings, and expenses incurred by reason of the suffering and disability, and death. And the right to recover such expenses is plainly recognized in the statute providing for the distribution of sums recovered in such an action as this. General Statutes, §5064.

Defendant's final ground of error is: "In failing to charge the jury that the defendant could be held liable only in the event it failed to exercise ordinary care and diligence in selecting its servants and agents." Defendant intends by this assignment of error to raise

the point that since it is a charitable corporation it is immune from liability for the tort to the decedent for which plaintiff sues, unless it has failed to exercise ordinary care and diligence in selecting its servants and agents, and the injury to the decedent occurred in consequence of such failure. No claim of this character was made in the pleadings, and no request made to the court to instruct the jury in accordance with this claim. Under these circumstances, the trial court may well have concluded that no claim of immunity was before the court. No doubt, too, the trial court recalled that *Hearns* v. *Waterbury Hospital*, 66 Conn. 98, 125, 33 Atl. 593, concerned a patient of the hospital and not a stranger or one upon the premises of the hospital, which it rented out for profit, upon the implied invitation of its lessee, and that we, in that opinion, said: "Such patient, who may be injured by the wrongful act of a hospital servant, is not a mere third party, a stranger to the transaction—he is rather a participant." The trial court may have assumed from this expression, and from cases such as *Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191, 96 N. E. 406; *Hospital of St. Vincent* v. *Thompson*, 116 Va. 101, 81 S. E. 13; *Hewett* v. *Woman's Hospital Aid Assn.*, 73 N. H. 556, 65 Atl. 190, and *Bruce* v. *Central M. E. Church*, 147 Mich. 230, 110 N. W. 951, that the defendant did not feel justified in making the claim of immunity. We do not think the court was called upon to instruct the jury upon this claim. We do not consider the subject-matter of this ground of error, since it had no place in the assignments of error and is not properly before us.

There is no error.

In this opinion the other judges concurred.