MILDRED G. KNAPP, EXECUTRIX (WILL OF E. FROST KNAPP) *vs.* THE CONNECTICUT THEATRICAL CORPORATION.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued January 5th—decided February 4th, 1937.

*Charles P. Roraback,* with whom was *Valentine J. Sacco,* for the appellant (plaintiff).

*Charles S. House,* with whom, on the brief, was *James W. Carpenter,* for the appellee (defendant).

BANKS, J.  The following facts appear from the finding, which is not subject to correction in any material respect:  On August 1st, 1934, plaintiff's decedent purchased tickets of admission to defendant's theater for himself and his wife, and entered the theater at about 6:45 p.m. (daylight saving time).  He was in a hurry to reach the men's toilet, and for that purpose turned from the main entrance into the orchestra promenade upon which was located the men's room and toilet which he had visited on a previous occasion.  The orchestra promenade runs at right angles to the entrance foyer of the theater, and is eighty-seven feet long and twelve feet wide.  Upon this promenade there were entrances to the ladies' room, the men's room and to an alcove, on one side of which there was located a telephone booth and on the other a door leading to the basement of the theater.  Each of these entrances was about four feet wide and had no door.  In the men's room there were swinging doors leading into the toilet which were plainly discernible from the entrance to

the room. Above each entrance there was a sign made of glass in a metal frame with a light illuminating it which read, respectively, "Ladies," "Gentlemen," and "Telephone." The signs extended at right angles to the wall, the letters on them were two inches high and were adequately lighted by the lights in the frames, were readily discernible from either end of the promenade, and were prominently located to attract the attention of the public. There were two sets of overhead lights in the entrance foyer and six in the promenade approximately twenty feet apart, which were adequate so that one could readily discern a coin on the floor. All of these lights were lighted when plaintiff's decedent entered the theater. The door in the alcove which led to the basement was equipped with a mechanical closing device but was unlocked and had no sign to indicate its use. It had never been used by the public. It opened upon a steep flight of cement stairs three feet two inches wide leading to the basement. On the night in question there was a can containing paper and rubbish on the second step of the stairs occupying at least fifteen inches of the stairway. Plaintiff's decedent passed the entrance to the men's room, and by mistake entered the alcove where the telephone booth was located, opened the door upon the stairway which was unlighted, stepped down and fell over the waste-paper container, and fell to the floor of the basement, sustaining injuries which caused his death.

The plaintiff claimed that the defendant was negligent in leaving the door opening upon an unlighted stairway unlocked with no notice that it was not to be used by the patrons of the theater, and in leaving the rubbish container upon the stairway. The trial court held that in opening the door and proceeding down the stairs plaintiff's decedent was not an invitee

but a trespasser, that he was guilty of contributory negligence, and that the defendant was not negligent.

Plaintiff's decedent was a business visitor to defendant's theater and the defendant owed to him the duty of exercising reasonable care to keep its premises reasonably safe for his use, since the privilege of use existed for the common interest of both. *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 525, 121 Atl. 501. Such a visitor is commonly referred to as an invitee since he is upon the premises upon either the express or implied invitation of the owner. One may be an invitee as to a portion of a building and not enjoy that status as to other portions thereof. That status does not exist when the invitee is using a portion of the premises to which the invitation has not been extended, either expressly or impliedly, and which the owner would not reasonably expect the invitee to use in connection with the conduct of the business on the premises. "A business invitation includes an invitation to use such part of the premises as the visitor reasonably believes are held open to him as a means of access to or egress from the place where his business is to be transacted." Amer. Law Inst. Restatement, Torts, Vol. 2, § 343, Comment *b,* p. 942. The toilet which plaintiff's decedent was seeking was a portion of the theater to which its patrons were impliedly invited, as was the telephone alcove which he entered by mistake. Obviously the basement and the stairs leading to it were not such a part of the theater.

It does not necessarily follow that there might not be extended to the patrons of the theater an implied invitation to make use of the door opening upon the stairway. If the owner of premises to which the public is impliedly invited has negligently misled a business visitor into the reasonable belief that a passageway or door is an appropriate means of reaching a portion of

the premises to which he is invited, he is entitled to the protection of a business visitor in using such passageway or door. Amer. Law Inst. Restatement, Torts, Vol. 2, § 343, Comment *b*. Thus if a building to which the public is invited has a door leading to a cellar or other dangerous place which is left unfastened and which from its location and appearance may reasonably be mistaken for a door which the public is entitled to use, the owner may be liable to one who mistakenly used it and is injured. Cases involving similar situations will be found in annotations in 20 A. L. R. 1147, 27 A. L. R. 585, and 42 A. L. R. 1098. In most of the cases of this character the question of the status of the visitor has been determined as one of fact, and this would ordinarily be so since it depends upon whether the owner should have known that the visitor would be led to believe that the door was one which he was expected to use. Amer. Law Inst. Restatement, Torts, Vol. 2, § 343, Comment *b*. Likewise the question of whether the visitor is guilty of contributory negligence would ordinarily be one of fact depending upon whether a reasonably prudent person could justifiably assume that the door opened upon a portion of the premises to which he was impliedly invited, and also upon whether he exercised the care of such a person in opening it and going forward without first looking to see where he was going.

Plaintiff relies on *Bunnell* v. *Waterbury Hospital*, supra. In that case plaintiff's decedent was attending a public meeting in a building owned by the defendant. Having occasion to go to the toilet he entered a cloakroom, the door of which stood open though the room was not in use and contained no light. He opened a door in the cloakroom which was unlocked, and upon which there was no sign or warning, and which he assumed to be the door to a toilet, and fell to the bottom

of an elevator shaft. We held that the jury were justified in finding that the defendant was negligent and plaintiff's decedent not guilty of contributory negligence. We said that the test of the conduct of the plaintiff's decedent being that of what an ordinarily prudent and reasonable man would have done under the circumstances, as to which honest and fairminded men might come to different conclusions, the inference or conclusion of negligence was one to be drawn by the trier as one of fact, and that the trial court did not err in refusing to set the verdict aside. See *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 21 Atl. 275.

The conclusion of the trial court in the present case that plaintiff's decedent was negligent in that he failed to make reasonable use of his senses in passing the lavatory which he sought, and in opening the door to the stairway and proceeding to descend the stairs, is equally final and conclusive as would have been the verdict of a jury and for the same reason. Plaintiff's decedent passed along the well lighted promenade by the clearly indicated entrance to the men's room and toilet which he was seeking, and entered the alcove which was also plainly marked as the location of the telephone booth. There was nothing about the door which opened upon the stairway to indicate that it might be the door of the toilet. In size, shape and appearance, it was unlike the entrance to the men's toilet which plaintiff's decedent was seeking and which he had visited on a previous occasion. The situation was unlike that present in some of the cases where one of two doors of similar appearance might readily be mistaken for one which furnished access to the portion of the building which the visitor was seeking to enter. Notwithstanding, plaintiff's decedent apparently assumed that the door was the entrance to the toilet,

and opened it and stepped across the threshold and down the unlighted stairway without looking to see where he was going. Plaintiff's brief states that there was nothing in this conduct that required the court below, as a matter of law, to find that he was guilty of contributory negligence. Assuming that to be so, it was conduct which the trier, whether court or jury, might reasonably find as a fact was not that of an ordinarily prudent man. The court so found and that finding is conclusive upon the plaintiff's right to recover in this action.

There is no error.

In this opinion the other judges concurred.