## SOLOMON SVIRIDOFF
### vs.
## LEO BROCHIN

Superior Court     New Haven County     File #53110

Present:  Hon. PATRICK B. O'SULLIVAN, Judge.

Arthur Klein;
Robert J. Woodruff,        Attorneys for the Plaintiff.

DeLancey Pelgrift,        Attorney for the Defendant.

MEMORANDUM FILED DECEMBER 13, 1937.

O'SULLIVAN, J. The defendant owns and operates a retail shoe business on Congress Avenue in the City of New Haven. The front portion of his store is equipped for the display and sale of merchandise while the rear, partitioned off from the front, serves as a storage room. From one side of this rear room, a flight of wooden stairs leads to the cellar where a toilet has been installed for the employees, although on occasional request from a patron to use it is granted. A switch, controlling an electric light in the cellar, is located on the right hand casement of the doorway at the head of the stairs. Without artificial light, the cellar, stairs and rear room are quite dark.

The stairway is very old and very worn. The first riser descends substantially at the door jamb rather than at the customary distance beyond it. In other words, the stairs are too close to the doorway, which, by the way, has no door. The nose of the top tread or landing has been worn away to a plane forty-five degrees off level. These various factors present a real danger to one who, unacquainted with the layout and conditions, attempts to go to the cellar.

On February 12, 1937, the plaintiff entered the defendant's store where he was fitted to and bought a pair of shoes. While waiting for the clerk to wrap them up, he inquired of

the defendant if there was a toilet he might use. He was told there was and was directed to go to the rear room where he would find a flight of stairs to the cellar. The rear room was dark as he entered it but he was able to see the doorway and walked carefully towards it to find the switch which he had been told was on the casement. While feeling around for it, he stepped upon the nose of the landing, slipped and fell to the concrete floor below.

Whether the plaintiff, at the time of his accident, was an invitee or a licensee is not of controlling significance, although his status would appear to be that of the former. Hudson vs. Church of Holy Trinity, 250 N.Y. 513; Hamblet vs. Buffalo Library Garage Co., 222 App. Div. (N.Y.) 335. A business visitor is an invitee when using a rest room provided by a proprietor for the accommodation of his patrons. Knapp vs. Connecticut Theatrical Corp. 122 Conn. 413. If he acquires this status through an implied invitation, it would appear logical that when the invitation is express, the status of the visitor should not be legally lower.

But granted that the plaintiff was a licensee, the result remains the same. A proprietor of a store is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, although only if, he knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and if he invites or permits them to make use of portions of his store not open to the public without exercising reasonable care to make the condition reasonably safe or to warn them of the condition and the risk involved therein. Restatement of the Law, Torts, Vol. 2, Sec. 342, Page 932.

The construction of the stairway, with the conditions surrounding it, was such as to expose the plaintiff to real danger. Under the circumstances, the defendant failed to exercise the care required of him, regardless of the status of the plaintiff.

Judgment may enter for the plaintiff to recover $1,500.00 damages.