## JAMES V. MAHAN
vs.
## FREDERICK F. EHRSAM

Superior Court          Fairfield County          File #52627

MEMORANDUM FILED APRIL 20, 1938

David Goldstein, of Bridgeport, and George A. Saden, of Bridgeport, for the Plaintiff.

Pullman & Comley, of Bridgeport, for the Defendant.

QUINLAN, J. The motion to set aside the verdict is based exclusively on the charge to the jury. It is claimed chiefly that there was no evidence that the plaintiff was a trespasser and that an instruction on that principle was erroneous.

All the questions of fact were left to the jury on the evidence. In the evidence it appeared that Brennan had prior to this accident been employed by Mahan, and during his confinement following his injury was also employed by him. On the night of the accident the plaintiff went to Brennan's

house to obtain the key to the Ehrsam home, and was advised by Brennan's mother that Brennan was at the Ehrsam home. These were among the evidential facts, together with the further fact that he called to Brennan while in the house and went to the rear of the house, thinking he might be about in that location.

If the jury believed that he went to the house to look at the desk I think there is little question that under Ehrsam's testimony he was an invitee, at least up to the time he examined the desk. However, Ehrsam's testimony does not amount to a judicial admission under the language of *King vs. Spencer,* 115 Conn. 201, 204.

If the jury did not believe that he went there to look at the desk, but he went to see Brennan (who did not own the house nor dwell there) then plaintiff may have been given a more favorable charge than he was entitled to, when the jury was told by way of illustration that he was a licensee. It was also claimed that whatever might have been his purpose in going there, he had no occasion to go into the rear of the premises.

One exceeding the limits of his invitation or license may become a trespasser, and the questions were left to the jury as questions of fact. *Katsonas vs. Sutherland Building & Contracting Co.,* 104 Conn. 54, 62. Also note, *Knapp vs. Connecticut Theatrical Corp.,* 122 Conn. 413, 416: "One may be an invitee as to a portion of a building and not enjoy that status as to other portions thereof. That status does not exist when the invitee is using a portion of the premises to which the invitation has not been extended, either expressly or impliedly, and which the owner would not reasonably expect the invitee to use in connection with the conduct of the business on the premises. 'A business invitation includes an invitation to use such part of the premises as the visitor reasonably believes are held open to him as a means of access to or egress from the place where his business is to be transacted.' . . . In most of the cases of this character the question of the status of the visitor has been determined as one of fact. . . . Amer. Law Inst. Restatement, Torts, Vol. 2, §343, Comment b."

If the jury did not find him to be an invitee, whether he was a licensee or a trespasser, the duty owed him was the same, so he was not harmed by the charge. *Bunnell vs. Water-*

*bury Hospital,* 103 Conn. 520, 524.

In this latter connection it is claimed that specifically the Court failed to define the duty attaching to a licensee. As has just been said, having defined licensee and trespasser and instructing the jury that the duty toward him was the same in either case, and then pointing out the duty toward a tres-passer, he was not harmed.

The motion to set aside the verdict is denied.