## BEATRICE DYM *v.* MERIT OIL CORPORATION.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and DALY, JS.

Argued January 5—decided February 24, 1944.

*Frederick C. Hesselmeyer,* for the appellant (defendant).

*Joseph E. Klau,* with whom, on the brief, was *William M. Pomerantz,* for the appellee (plaintiff).

DICKENSON, J. The plaintiff fell into a grease pit on premises maintained by the defendant as a gas station and brought this action for personal injuries. It was tried to the jury, the verdict was for the plaintiff, the defendant moved to set it aside, the motion was denied and the defendant appeals therefrom and from the judgment, assigning error in the. charge and in the finding.

The jury might have found the following facts: The defendant operates a large gasoline service station at the corner of two city streets, both heavily traveled, where gas and oil are sold, cars are greased and tires are inflated. It maintains a building used as an office and storeroom. Attached to this building are rest rooms or toilets which are entered by outside doors, one marked "Ladies" and the other "Men." There are three grease pits parallel to the south side of the building, each approximately seventeen and one-half feet long, three and one-half feet wide and six feet deep. There is a metal frame along the edge of each pit about four and one-half inches high. On the northerly side of the northerly pit there is a post at each end, two feet four inches from the edge of the pit. The purpose of these posts is to support a chain to guard the pit. A similar arrangement exists for supporting a chain in front of all three pits. The northerly pit is eleven and one-half feet south of the building. Along the northerly edge of this pit it was oily and greasy.

The plaintiff was riding in an automobile driven by one Johnson, as his guest. She sat beside her husband

on the right rear seat of the car and Mrs. Johnson sat on the front seat with her husband. The plaintiff requested the driver to stop at a rest room. He drove on to the defendant's premises, stopping his car between the northerly pit and the building. It was shortly after 7 p. m. on November 23. The headlights of the car were on. There was a light in the defendant's building but none outside on the premises, where it was dark. Johnson was a patron of the station, having bought supplies there and had his car greased, and he and passengers in his car had used the toilets on prior occasions during business hours. He got out of the car followed by his wife and Dym. The latter walked around the rear of the car to assist the plaintiff to alight. Her side of the car was two to three feet from the edge of the pit. While she had occasionally crossed the premises in the daytime, she had never used the rest room and did not know of the presence of the pits, nor was this pit visible to her. She alighted from the car, took two or three short steps away from it to permit the closing of the door, which opened back, turned to go to the rear of the car, slipped on the oil or grease and fell into the pit. Both Johnson and Dym knew it was there, but did not warn her. The defendant's station was customarily closed at 7 o'clock in the evening by putting up a chain in front of the pits, three feet from the ground, placing a "No Parking" sign on the chain and turning off all outside lights, leaving a night light inside the building which lighted the interior and partly lighted the platform on which the building stood. While Johnson had some doubt whether the station was open and drove in to find out, the plaintiff believed it was and intended to use the toilet if available. Admittedly the toilet doors were unlocked, there was no chain beside the pit and the "No Parking" sign was not in place on the chain

in front of the pits, though the defendant claimed to have closed the station in the customary manner.

The defendant concedes, as it must, that had the accident occurred at a time when the station was in full operation the plaintiff would have been an invitee. She was a guest of one of its patrons and the toilets were patently there to be used by such persons. *Wingrove* v. *Land Co.,* 120 W. Va. 100, 108, 196 S. E. 563. The defendant contends, however, that the station was fully closed and gave this appearance; that the plaintiff should have known this; that she was a trespasser or at best a gratuitous licensee; and that she assumed the risk of entering and alighting from the car and was guilty of contributory negligence in her movements.

The defendant would not be liable to the plaintiff if she was a trespasser or a gratuitous licensee. *Hayes* v. *New Britain Gas Light Co.,* 121 Conn. 356, 357, 185 Atl. 170; *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177, 181, 4 Atl. (2d) 646; *Girard* v. *Kabatznick,* 128 Conn. 520, 524, 24 Atl. (2d) 257. To constitute her an invitee, it must appear that she was expressly or impliedly invited to use the defendant's premises. Her position was identical with that of her driver in this respect. If he was an invitee, his passengers were invitees. There is no claim of express invitation, and in determining whether there was an implied invitation the question is what could the driver of her car reasonably conclude from the defendant's conduct of its premises. *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 529, 131 Atl. 501. The driver might be found to have been impliedly invited if he came to the premises under either of two sets of facts: First, because he " 'was led to believe that they were intended to be used by visitors or passengers, and that such use was not only acquiesced in by the owner or

person in possession and control of the premises, but that it was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be used' "; *Guilford* v. *Yale University*, 128 Conn. 449, 453, 23 Atl. (2d) 917; or, secondly, he was using them with the acquiescence, actual or implied, of the defendant in pursuance of a matter of mutual interest. *Reardon* v. *Shimelman*, 102 Conn. 383, 386, 128 Atl. 705.

The defendant did not maintain its toilets as a matter of public convenience. They were incident to its business. They were there as an added inducement to patronage. *Nordgren* v. *Strong*, 110 Conn. 593, 599, 149 Atl. 201. No sign was conspicuously displayed at the entrance to the premises indicating that the station was closed and that motorists were not to enter. The fact that the toilets were left unlocked at night might be found to indicate a purpose that they could be used at any time by persons who patronized the station.

While we do not go so far as to say that a stranger coming upon the premises after the station was closed would be considered an invitee in such circumstances, we do hold that the jury might reasonably have found that this plaintiff was an invitee under the circumstances they could have found existed. They reasonably could have concluded that the defendant acquiesced in the use of the toilet by the plaintiff at the time by reason of a mutual benefit to itself and the driver and a guest in his car. See *Gordon* v. *Freeman*, 193 Minn. 97, 101, 102, 258 N. W. 19; *Kelley* v. *Goldberg*, 288 Mass. 79, 82, 83, 192 N. E. 513. Offering such facilities tends to build up a good will between the proprietor and the customer. It is difficult otherwise to explain the defendant's custom of leaving the toilet doors unlocked after closing hours. The determination of the status of the plaintiff, involving,

as it did, findings and inferences which it was for the jury to make, was properly submitted to them as a question of fact. *Girard* v. *Kabatznick,* supra.

Other reasons assigned as error in the denial of the motion to set aside the verdict are that the plaintiff was guilty of contributory negligence as a matter of law, that, if this is not so, the evidence established such negligence and that she assumed the risk of her injury. The situation does not involve an application of the rule relating to assumption of risk. See *Stein* v. *Nashner,* 129 Conn. 317, 320, 27 Atl. (2d) 801; *Doberrentz* v. *Gregory,* 129 Conn. 57, 61, 26 Atl. (2d) 475. The question of contributory negligence was clearly one of fact. *Zoccali* v. *Carfi,* 128 Conn. 168, 171, 20 Atl. (2d) 728; *Kelley* v. *Goldberg,* supra.

The defendant sought to include a substantial part of its draft finding in the finding in its attack on the charge. This is an effort on the defendant's part to have the court state what the plaintiff offered evidence to prove and claimed to have proved. We cannot make the requested additions to the finding. Conn. App. Proc., § 94, p. 126; *Boardman* v. *Burlingame,* 123 Conn. 646, 652, 197 Atl. 761. The assignment of error as to the contents of the finding itself has been withdrawn except as to a few paragraphs. Their deletion would not materially affect the finding as a basis for testing the charge.

The attack on the charge is mainly on the same grounds that are raised by the assignments of error on the denial of the motion to set aside the verdict; that is, that the plaintiff as a matter of law was a trespasser or gratuitous licensee and was guilty of contributory negligence, and the court should have so charged. As we have indicated, these issues presented questions of fact and the court properly left them to the determination of the jury. Error is also assigned

in that the court failed to charge, in relation to contributory negligence, that the conduct of the plaintiff was to be determined not only by what she knew but by what she was conclusively presumed to have known had she made ordinary use of her senses, and that the greater the danger the greater the care she should have exercised. The court gave the customary charge that the plaintiff was required to use due care; that "human conduct has to be measured by using as a yard stick the conduct of the reasonably prudent person in like circumstances and conditions," and that it had to appear that nothing the plaintiff did or failed to do made her conduct other than that of the reasonably prudent person. This instruction was repeated later in the charge. Instructions that the plaintiff is presumed to know what she reasonably should know and that the greater the danger the greater the care required of her are proper but not always essential. *Kleps* v. *Dworkin*, 127 Conn. 648, 652, 653, 19 Atl. (2d) 421. At least, in the absence of a request, it was not error to fail to charge in this detail. *Lewandoski* v. *Finkel*, 129 Conn. 526, 529, 29 Atl. (2d) 762. A final claim is that the court erred in referring to the pit as "a dangerous trap." The reference was not to the pit itself but to the fact that it was "unprotected by a chain," and might reasonably be interpreted to be to a characterization by the plaintiff rather than to one by the court.

There is no error.

In this opinion the other judges concurred.