CASIMIR J. STURA *v.* ANITA B. KINGAN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 14—decided July 6, 1944.

*Maxwell H. Goldstein,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellees (defendants).

PER CURIAM. The findings of fact necessary for the determination of the appeal are few and are supported by the evidence. They are as follows: Whitney Avenue, between Hamden and Cheshire, runs north and south and the traveled portion at the point of collision is about twenty feet wide. A private driveway enters it from the east. The defendants' car was driven south on the avenue to a point opposite the driveway, a wide turn was made on the west shoulder of the road and the car was brought to rest, partly on the shoulder and partly on the west lane, headed across the avenue toward the driveway and waiting for traffic to pass that it might cross the avenue and enter the driveway. It remained in this position more than three minutes while at least twenty-four cars moving north and south passed it, and then its operator, after looking north and south and not seeing any other vehicle, started to cross the avenue in low gear at slow speed. The plaintiff, driving north on the avenue at about forty

miles an hour and approaching the driveway, tried to pass in front of the defendants' car, and the cars collided at about the opening of the driveway. The defendant operator did not see the plaintiff's car until the instant of impact. It was 2 o'clock in the afternoon, the weather was clear, the road dry and there was an unobstructed view for about five hundred feet south of the driveway on the avenue. The trial court found the defendants negligent and the plaintiff contributorily negligent in failing to keep a proper lookout and in traveling at an excessive speed in the circumstances.

The numerous assignments of error in the finding and claims of law cannot avail the plaintiff. The right of way which he claimed was not essentially involved. The picture presented to the court was that of the two vehicles in plain sight of each other proceeding at right angles to one another toward a point where it would reasonably appear they would collide, neither operator reasonably looking out for the other and the plaintiff traveling at too high a rate of speed in the circumstances. The question of contributory negligence was one of fact for the trial court and its conclusion cannot be disturbed. *Dym* v. *Merit Oil Corporation,* 130 Conn. 585, 590, 36 Atl. (2d) 276.

There is no error.