WALTER P. SMITH *v.* THE L. & S. CORPORATION

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 7—decided July 9, 1946

*M. J. Blumenfeld,* for the appellant (defendant).

*Dennis P. O'Connor,* with whom were *John W. Joy* and, on the brief, *James N. Egan,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff fell over a dolly in a garage and was injured.  The defendant appeals from the denial of its motion to set aside the verdict on the grounds that the plaintiff was not an invitee and that he was guilty of contributory negligence as a matter of law.

The jury reasonably could have found the following facts: The plaintiff's car was not running right and he took it to the defendant's garage for repairs. The job took some time and after standing around for about three-quarters of an hour the plaintiff, wishing to find out how long it would be before his car was ready, started to walk between two parked cars towards a workbench at which there was a light and toward which he had seen the mechanic who was working on his car go.  The evidence discloses no other means by which he could have obtained that information.  The space between the cars was about six feet wide.  The garage was rather dark and the cars cast shadows.  As he passed the first car he stumbled over a dolly which projected about ten inches beyond its side, fell and was injured.  A dolly or creeper is a carrier on rollers two or three feet

long and eighteen inches wide, used by mechanics to slide under cars when it is necessary to work on the underbody. Dollies are customarily used by mechanics in garages and this fact was known to the plaintiff. The dolly in question was of light maple and the plaintiff would have seen it had he been alert.

The plaintiff was clearly entitled to drive his car into the garage and in so doing was an invitee as a matter of law. The question on this phase of the case is: Did he exceed his rights as such? The answer is "No," if his use of the premises was such as might reasonably have been contemplated by the defendant. *Guilford* v. *Yale University,* 128 Conn. 449, 454, 23 A.2d 917. The jury could have found that he was expecting to wait until repairs were made, that no other place was provided and that there was nothing to indicate that he could not move around while he was waiting. The charge is not printed and is presumed to have been correct. *Schroeder* v. *Hartford,* 104 Conn. 334, 336, 132 A. 901. The issue was one of fact. *Guilford* v. *Yale University,* supra; *Girard* v. *Kabatznick,* 128 Conn. 520, 525, 24 A.2d 257. The defendant was under a duty to use reasonable care to keep its premises reasonably safe for the plaintiff, provided the jury found, as they must have, that he had not exceeded the limits of his invitation. Id., p. 524. The same case (p. 525) is authority for the familiar proposition that contributory negligence is ordinarily a question of fact. See also *Flynn* v. *West Hartford,* 98 Conn. 83, 86, 118 A. 517; *Zoccali* v. *Carfi,* 128 Conn. 168, 20 A.2d 728. In the few recent Connecticut cases where the plaintiff has been held guilty of contributory negligence as a matter of law, the cir-

cumstances were very different. See, for example, *Seabridge* v. *Poli*, 98 Conn. 297, 301, 119 A. 214, where the plaintiff stumbled over a large weighing machine, and *Martin* v. *Stamford Gas & Electric Co.*, 118 Conn. 319, 321, 172 A. 218, where the plaintiff fell into an open, guarded manhole in plain sight. While the plaintiff testified that he could have seen the dolly had he been alert, there was no evidence that the floor of the garage was in a condition that required him to be alert, i.e., "vigilant." Webster's New International Dictionary (2d Ed.); *Smith* v. *Kresge Co.*, 116 Conn. 706, 707, 164 A. 206. It cannot be held as a matter of law that the plaintiff was negligent in not seeing the dolly, in view of its position and the lack of light.

There is no error.

In this opinion the other judges concurred.