NETTIE B. MORRIS *v.* FRANK GRANATO ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 8—decided December 5, 1946

*M. J. Blumenfeld,* for the appellants (defendants).

*Samuel Steinberg,* for the appellee (plaintiff).

DICKENSON, J.  This is an action to recover damages for personal injuries claimed to have been caused the plaintiff as an invitee of the defendants by their negligence in the care of their restaurant. It was tried to the jury and a verdict was rendered for the plaintiff.  The sole ground of appeal is the denial of a motion to set aside the verdict.

Viewing the evidence in the light most favorable to the plaintiff, the jury might reasonably have found the facts as follows:  The defendants conduct a restaurant on Main Street, Hartford, with a license to sell beer.  Upon entering the restaurant, there is a bar to the right and a double line of booths to the left extending nearly the depth of the room. Passage to the rear of the room may be had through an aisle between the booths or in the space between the bar and the booths.  In the wall which extends along back of the bar are three doors.  The first of these is behind the bar and leads to the cellar.  The second is the door to the men's toilet and is about

four feet from the cellar door and opposite the rear end of the bar. The third door is to the women's toilet and is about four feet from the door to the men's toilet. There is a screen between the door to the men's room and that to the women's room extending out a few feet from the wall and at right angles to it. The partition is nearer the women's room and between it and the men's room is a pinball machine extending into the restaurant to a point about opposite the rear end of the bar. Access to the men's room and to the cellar door is had by passing between the end of the bar and the pinball machine. Access to the women's room is had by passing to the left of the pinball machine and the screen. At the time of the plaintiff's fall, there was no sign on the door to the men's room or on the cellar door. Both of these doors opened in. The door to the women's room opened out, and a sign, which projected at right angles from the left casing at the height of the top of the door, bore the word "Ladies." A partition part way to the ceiling separates the main room of the restaurant from the kitchen.

The plaintiff and a man companion entered the restaurant about 11 p.m. on October 21, 1944, and seated themselves in one of the booths facing in the direction of the entrance door. They ordered sandwiches, and beer for the man. While the plaintiff was eating, her companion went to the men's toilet. When he returned, the plaintiff in turn started to go to a toilet. She proceeded down the aisle to the rear of the line of booths, passed between these and the kitchen partition, crossed to the passage between the end of the bar and the pinball machine and entered the men's toilet. In her course, the women's toilet was to her left. The sign "Ladies" was hidden at

first from her view by the partition wall separating the kitchen from the main room, and as she got beyond this the "Ladies" sign was at an angle to her line of vision. She did not see this sign or the door to the women's room and entered the men's room. She had been in the restaurant but once before and had not gone to a toilet on that occasion. Her companion's attention was called to the fact that she had entered the men's toilet. He went to the door, called to her that she was in the wrong room, and returned to his seat. She came out quite embarrassed and turned to her left. She opened the door leading to the cellar and stepped in, falling down the stairs to the cellar floor. There was no light in the cellar. Had the plaintiff looked to her left just before entering the passageway between the pinball machine and the end of the bar, she could have seen the sign over the women's room.

The plaintiff testified that while she was sitting in her booth she was quite sure she saw a woman coming out of the room which she afterward learned was the men's toilet. There was evidence that there was a latch and a sliding bolt on the cellar door. The plaintiff testified she just turned a knob and walked in. The jury might have found, however, that the door was not bolted and that the plaintiff lifted the latch. There was evidence that as she entered the men's room she was warned by shouts but both she and her companion testified they heard no warning. The contention of the defendants on these facts is that the plaintiff was not an invitee with relation to that part of the restaurant where the cellar door was and that she was guilty of contributory negligence in using it.

In *Knapp* v. *Connecticut Theatrical Corporation,*

122 Conn. 413, 190 A. 291, we said (p. 417): "In most of the cases of this character the question of the status of the visitor has been determined as one of fact, and this would ordinarily be so since it depends upon whether the owner should have known that the visitor would be led to believe that the door was one which he was expected to use." Whether an invitee exceeded the limits of the invitation depends upon whether his use of the premises went beyond that which the owner might reasonably have contemplated. *Guilford* v. *Yale University*, 128 Conn. 449, 454, 23 A.2d 917; *Smith* v. *L. & S. Corporation*, 133 Conn. 105, 107, 48 A.2d 239. The defendants recognized the need for toilets for both sexes in their establishment and provided them. The three doors in question were in line and an equal distance apart. While the women's room was separated from the men's room by a screen, the jury might have found that it was in a corner where it might readily have been overlooked, whereas the other two doors were in plain view of one entering the passageway between the pinball machine and the end of the bar, and on neither was a visible sign indicating its purpose. The fact that the door to the men's room was about opposite the rear end of the bar and that the cellar door was behind the bar does not vitally affect a conclusion of invitation by the jury. The defendants can hardly contend that the men's room was not in a proper location for a toilet. The jury reasonably could have concluded that the cellar door, four feet away, might be mistaken for a toilet, and could have found that the plaintiff was an invitee as to that part of the restaurant.

If the plaintiff was an invitee so far as her conduct

in opening the door to the cellar was concerned, the only contributory negligence she could be charged with was her act in stepping inside without first ascertaining what was before her. Both the cellar door and that to the men's toilet opened in. The plaintiff had just left the latter and the jury might well have found that she reasonably could have assumed that another toilet next to it would be on the same floor level. See *Hayes* v. *New Britain Gas Light Co.*, 121 Conn. 356, 360, 185 A. 170; *Bunnell* v. *Waterbury Hospital*, 103 Conn. 520, 525, 131 A. 501. The question was one of fact for the jury. Their conclusion is fortified by the refusal of the court to set aside the verdict. *Scorpion* v. *American-Republican, Inc.*, 131 Conn. 42, 47, 37 A.2d 802.

There is no error.

In this opinion the other judges concurred.