OLGA DICKAU *v.* CONCETTA RAFALA ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued February 4—decided March 23, 1954

---

*Robert Y. Pelgrift,* with whom was *Robert E. Cohn,* for the appellants (defendants).

*Jacob Schwolsky,* with whom were *Seymour A. Rothenberg* and, on the brief, *Henry J. Goldberg,* for the appellee (plaintiff).

DALY, J. The plaintiff sued the defendants to recover damages for injuries received while she was upon their premises. The following facts are not disputed: On May 6, 1950, and for a long time prior thereto, the defendants owned and operated a retail store in which they sold groceries and other food products to the general public. The merchandise was displayed for sale on counters, shelves and fixtures. One of the fixtures was located at the east end of the store and extended from the floor almost to the ceiling. It was so constructed, and the display was so arranged, as to form a partition at the rear of the store. An aisle immediately behind the partition could be entered from the northerly side of the store at the rear. There was a toilet, the entrance to which was near the southerly end of the aisle.

On May 6, 1950, at about 5 o'clock in the afternoon, the plaintiff, a woman sixty-two years old, was a customer in the store, which she had patronized

weekly for some time. She was shopping for groceries in the north end of the store and was waited on by Carmelina Rafala, the clerk and daughter of the defendants. After completing her shopping, the plaintiff asked the clerk for permission to use the toilet. Taking the shopping bag which the plaintiff proffered her, Carmelina pointed generally toward the rear and said, "Right that way in back of you." The plaintiff proceeded as directed, walked around the northerly end of the partition and entered the aisle behind it. A few feet along the aisle, a door leading to a storage room was open and blocked off the aisle south of it. The plaintiff turned through the open door and descended two steps into the storage room, which was in semidarkness. She saw an open door, believed it was the door to the toilet and walked toward it. Upon reaching the doorway, she cautiously stepped down onto a landing and, while groping about in the dark for a light or switch to illuminate the toilet, fell down a flight of steps to the concrete floor of the basement. She was seriously injured. There was no sign in the store showing the way to the toilet, which was intended for the use of the employees in the store but was actually used by customers as well. It was the general practice of the defendants and their employees personally to conduct customers to the toilet if they were strangers and had not used it before. The plaintiff, who had not used the toilet in the store before, was a ponderous woman who walked slowly and carefully, as well as laboriously, because of prior infirmities.

The trial court concluded that the plaintiff was a business visitor, or invitee, during the entire time she was on the premises, that the defendants were negligent, that their negligence was the proximate cause of the plaintiff's fall and injuries and that

the plaintiff was not contributorily negligent. The defendants have appealed from the judgment for the plaintiff, claiming error in these conclusions.

The first question presented for our consideration is whether the court erred in concluding that the plaintiff was an invitee during the entire time she was on the premises of the defendants. Where it is customary for customers or patrons to be free to go to certain parts of the premises, the customer or patron is a business visitor thereon unless the possessor exercises reasonable care to apprise him that the area of invitation is more narrowly restricted. The toilet in the rear of the defendants' store was one which customers were accustomed to use. This made of the toilet an area to which customers were invited. The present case is therefore distinguishable from cases where, in an isolated instance, permission to use a private toilet was extended to an individual customer. Whether, as the Restatement points out, the status of such a customer would be that of a licensee need not be determined in view of the facts here. Restatement, 2 Torts § 343, comment b. It is not necessary that the business visitor should, at the time of his injury, be at a place where his presence concerns the business affairs of the possessor. Id., p. 942. The status of the plaintiff was a question of fact. *Knapp* v. *Connecticut Theatrical Corporation,* 122 Conn. 413, 417, 190 A. 291.

It is admitted that when the plaintiff asked for permission to use the toilet the defendants' employee took the plaintiff's shopping bag, pointed generally toward the rear and said, "Right that way in back of you," and that the plaintiff proceeded as directed. Because of this, the court was clearly warranted in concluding that the plaintiff was a

business visitor with an invitation to be upon the portion of the premises that led to the toilet. *Dym* v. *Merit Oil Corporation,* 130 Conn. 585, 588, 36 A.2d 276; *Ward* v. *Avery,* 113 Conn. 394, 396, 155 A. 502. Whether she exceeded the limits of her invitation when she turned off the aisle and went into the storeroom depends upon whether her use of the premises in that particular went beyond that which the defendants might reasonably have contemplated. *Smith* v. *L. & S. Corporation,* 133 Conn. 105, 107, 48 A.2d 239; *Guilford* v. *Yale University,* 128 Conn. 449, 454, 23 A.2d 917. Upon the facts, the trier was warranted in finding that it would be quite natural for the plaintiff to turn into the storeroom, believing it to be the way to the toilet, and therefore in concluding that she was still a business visitor when she went through that room to the place where she fell. *Morris* v. *Granato,* 133 Conn. 295, 299, 50 A.2d 416.

The court having decided that the defendants were negligent, we cannot say that it erred in deciding that their negligence was the proximate cause of the plaintiff's fall and injuries, as this question was also one of fact. Likewise, whether the plaintiff was guilty of contributory negligence was a question of fact, depending upon whether a reasonably prudent person could justifiably have assumed that the place where she fell was a portion of the premises to which she was invited, and upon whether, in doing what she did, while at that place, she exercised the care of such a person. *Knapp* v. *Connecticut Theatrical Corporation,* 122 Conn. 413, 417, 190 A. 291.

Because we find no error upon the defendants' appeal, we have no occasion to discuss the plaintiff's assignments of error.

There is no error.

In this opinion the other judges concurred.